## Brown v. Chester Traction Company, Appellant.

*Negligence—Railroad companies—Passenger—Case for jury.*

1. In an action by a passenger against a street railway company for personal injuries, the case is for the jury where it appears that at the time of the accident the plaintiff was seated at the end of a seat at the side of a crowded open summer car, on which passengers were standing on the running board; that she signaled the conductor to stop the car at a regular stopping place; that when she saw that her signal was not heeded, she turned her body towards the conductor with her left hand on the seat, and her right hand raised to attract his attention; that while she was in this position the car turned into a switch, at a speed of fifteen miles a hour, so as to cause a severe jar that threw her from the car to the road, and threw down other passengers who were standing in the body of the car.

*Negligence—Damages—Evidence of injuries—Physician.*

2. In an accident case where it appeared that the plaintiff was well before the accident, that she had been severely injured, and had been an invalid ever since the accident, a physician may testify that he examined the plaintiff two years and four months after the accident, that his examination disclosed an internal injury of long standing that might have been caused by force or violence, and that in view of the history of the case, he believed it was caused by the accident.

Argued Jan. 6, 1911. Appeal, No. 186, Jan. T., 1910, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1907, No. 4664, on verdict for plaintiff in case of Sara M. Brown v. Chester Traction Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before AUDENRIED, J.

At the trial it appeared that plaintiff was injured on the evening of July 6, 1907, at a point on defendant's line between Norwood and Chester. The circumstances of the accident are narrated in the opinion of the Supreme Court.

The jury returned a verdict for $10,000, which was subsequently reduced by remittitur to $4,000, upon which judgment was entered.

*Errors assigned* were the admission of the evidence of the family physician, and the refusal of binding instructions for defendant.

*Chester N. Farr, Jr.*, with him *John C. Bell*, for appellant.

*Harry A. Mackey*, with him *Maurice V. Daniels*, for appellee.

PER CURIAM, February 27, 1911:

The plaintiff was a passenger on an open summer car, with a central passage-way and transverse seats, and sat at the end of a seat at the side of the car. The car was crowded and passengers were standing on the running boards and in the passageway. She signaled the conductor to stop the car at a regular stopping place. When she saw that her signal was unheeded, she turned her body towards the conductor with her left hand on the seat and her right hand raised to attract his attention. While she was in this position, the car turned into a switch so rapidly as to cause a severe jar that threw her from the car to the road. There was testimony that the car ran onto the switch at a speed of fifteen miles an hour, and that the sudden jar threw down passengers who were standing in the body of the car. Under this testimony she was entitled to go to the jury and the case was submitted with clear and adequate instructions.

The contention that there was error in allowing the plaintiff's family physician to testify to a condition he observed by an examination two years and four months after the accident, cannot be sustained. It appeared from all the testimony that the plaintiff was well before the accident, that she had been severely injured, and that she had been an invalid ever since. The physician testified that his examination disclosed an internal injury of long standing, that might be caused by force or violence, and that in view of the history of the case, he believed it was caused by the accident. The jury was not left to speculate as to the cause of the injury; this testimony connected the present condition of the plaintiff with the cause alleged.

The judgment is affirmed.