## Taylor, Appellant, *v.* Parmer et al.

Argued November 29, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

586

*K. L. Shirk,* for appellant.

*J. Hay Brown, Jr.,* with him *Owen Hershey,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, January 2, 1940:

In an action to recover damages for the death of her husband, caused by the negligence of defendant, Parmer, in operating his truck, plaintiff recovered a verdict and judgment for $2,700. She then issued an attachment execution summoning as garnishee the appellee insurance company and by interrogatories addressed to it inquired whether, at the time her husband was killed, November 13, 1935, Parmer was insured by it in a casualty policy. To the interrogatories, garnishee replied that on the day named Parmer was not insured, but that such a policy was issued to him on November 15, 1935. In response to plaintiff's rule, garnishee pleaded nulla bona. Four days before trial, plaintiff's attorney, by letter, called on garnishee's attorney to produce, among other things, the records of a casualty policy covering Parmer at the time of the death, November 13, 1935, to which reply was made at the trial that there was no such policy. Plaintiff's attorney then introduced secondary evidence to establish the existence of such a policy and its terms. As to the latter, nothing whatever was shown. The trial judge submitted to

the jury the single question whether on November 13, 1935, Parmer was insured against loss due to personal liability arising from automobile collision by a policy issued by garnishee. To this the jury answered "Yes." On a motion by garnishee for judgment n. o. v., the court concluded that evidence had not been produced to establish the existence of a contract of insurance and entered judgment for the garnishee. This action brought about the appeal by plaintiff we are considering.

All that plaintiff showed toward establishing a contract of insurance between Parmer and garnishee were alleged declarations made by him to this effect at the coroner's inquest, at the hearing to revoke his license and in the bankruptcy proceeding where he was adjudged a bankrupt. These declarations did not indicate what type of insurance was referred to, with what company the insurance was carried, or whether the insurance was in effect on the date of the accident. Such declarations could not fix garnishee with liability. Furthermore, plaintiff called Parmer as her witness and he denied the existence of insurance by garnishee on the critical day, November 13, 1935, and said the policy had expired and that he did not obtain a new policy until two days later, November 15th. The stenographer's notes of testimony taken at the coroner's inquest and at the hearing before the referee in bankruptcy were substantially to the same effect.

Plaintiff's counsel has nothing to warrant the argument which is made that garnishee having been called upon to produce the records of a policy in existence at the time of the accident and having failed to do so, the jury could infer the records would have been adverse to its contention that no such policy was issued, and, therefore, the evidence produced was sufficient to warrant submitting the case to the jury.

The court properly entered judgment for garnishee.

Judgment affirmed.