Dougherty *v.* Pennypack Woods Home Ownership Association, Appellant.

Argued March 22, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*John E. Power, Jr.,* for appellant.

*John Edward Sheridan,* for appellee.

OPINION BY RHODES, P. J., July 17, 1956:

Defendant has appealed from a decree in equity enjoining defendant from interfering with the peaceable occupancy by plaintiff of premises 8641 Perch Lane, Philadelphia, which had been purchased by plaintiff from defendant.

The chancellor, following an extended hearing, made detailed findings of fact and sustained plaintiff's complaint. These findings were affirmed by the court in banc. Defendant's exceptions were dismissed, and the final decree was entered. Defendant has appealed.

It is not questioned that the findings, if valid and conclusive, support the decree; and that the chancellor's findings, affirmed by the court in banc, will not be reversed on appeal if they are supported by adequate evidence. *Wortex Mills, Inc. v. Textile Workers Union*, 380 Pa. 3, 17, 109 A. 2d 815; *Abrams v. Crown*, 178 Pa. Superior Ct. 407, 409, 116 A. 2d 331.

The evidence presented at the hearing established the following facts, which were found by the chancellor: The plaintiff, James J. Dougherty, in September, 1952, applied for membership in the defendant corporation, Pennypack Woods Home Ownership Association, and for the purchase of the perpetual use of certain premises owned by defendant. Plaintiff was interviewed in November, 1952, by defendant, and his application was approved the following month. Accordingly, he purchased the perpetual use of the premises in question, and the parties entered into a contract entitled a "Mutual Home Security Policy" in which defendant granted plaintiff the "right to the perpetual use and enjoyment" of the premises at 8641 Perch Lane, in Pennypack Woods Housing Project, Philadelphia. Plaintiff paid the required initiation fee for membership in defendant corporation, and continued thereafter to make the monthly payments provided in the contract. The premises sold to plaintiff consisted of a two-bedroom unit which, under the regulations of defendant, was assigned only for occupancy by three adult persons. Plaintiff went into possession of the premises in January, 1953, made certain improvements thereto and has continued to occupy the same.

Defendant contends to the effect that the chancellor should have found fraud on the part of plaintiff as his testimony was contradicted by his admissions and was unbelievable, and that therefore defendant was authorized under the contract to cancel plaintiff's right

to occupancy as well as his membership. The testimony was conflicting, and credibility was a factor. The chancellor attached greater credibility to plaintiff's testimony than he did to defendant's evidence. The findings of fact affirmed by the court in banc are supported by adequate evidence. The findings sustain the decree, which will be affirmed.

In support of its contention, it is argued on behalf of defendant that plaintiff misrepresented his marital status at the time the application for membership and purchase was made, and that therefore plaintiff obtained the premises at a date earlier than that on which he would otherwise have been entitled to possession. There was an additional alleged misrepresentation as to the status of the third adult member of plaintiff's family, to wit, his brother-in-law, Sergeant Andrew Desmond, whereby plaintiff is said to have obtained a two-bedroom unit instead of a one-bedroom unit. Plaintiff sought to void the initial contract on the basis of this purported fraud and to eject plaintiff and his family from the premises.

The chancellor, however, specifically found that no misrepresentations had been made by plaintiff at the time of the application. The chancellor's finding of fact No. 6, to which defendant took no exception (thereby admitting the same, Pa. R. C. P. 1518a), sets forth: "At the time of the filing of the application for membership in defendant association, in contemplation of the purchase of the perpetual use of premises 8641 Perch Lane, the plaintiff indicated and made known to the defendant that he and one Veronica Desmond intended to be married in January 1953 and would occupy the subject premises as husband and wife, together with Staff Sergeant Andrew Desmond, brother of Veronica Desmond, then a member of the United States Army." Plaintiff's marriage to Veronica Des-

mond, however, did not occur in January, 1953, but was delayed until August 29, 1953, by reason of illness on December 25, 1952, and a subsequent injury which necessitated medical care until August 27, 1953. The parties were married two days after her recovery. It would be difficult to conclude that plaintiff was chargeable with misrepresentation concerning his marriage under these circumstances. This is true, especially in view of the fact that the illness and injury sustained by his prospective wife did not occur until two months after the interview at which the fraudulent statements are alleged to have been made by plaintiff. We think plaintiff's good faith is indicated by the fact that they were married only two days after Miss Desmond recovered from her illness and injury.[1]

As to the second alleged fraudulent action of plaintiff, which relates to the occupancy of the premises by the brother-in-law, defendant asserts that plaintiff did not disclose the fact that Sergeant Desmond would remain in the service for some time before taking up his permanent residence in the premises, and that plaintiff would have been assigned a one-bedroom unit if the true facts had been given. Defendant admitted in its answer (and by failing to except to finding of fact No. 6) that plaintiff disclosed to its agent at the time of the application that Sergeant Desmond was still in

---

[1] The chancellor's relevant findings of fact are as follows:

"7. On December 25, 1952, Christmas Day, prior to the contemplated date of marriage to plaintiff, Veronica Desmond was stricken with an acute appendix infection, requiring an emergency operation.

"8. On May 26, 1953, while recuperating from her appendectomy Veronica Desmond suffered a fractured vertebrae necessitating surgical reduction of the resulting pressure and she was not discharged from medical assistance until about August 27, 1953.

"9. On August 29, 1953, the plaintiff and Veronica Desmond were married at Philadelphia, Pennsylvania."

the United States Army. The testimony is conflicting as to what was said, if anything, about his discharge. The chancellor found that no misrepresentation in this respect had been made by plaintiff; he also found that Sergeant Desmond lived at the premises when military regulations permitted, and that he intended to return and reside there permanently upon his discharge. As the testimony in some respects was conflicting, it was for the chancellor in the first instance to resolve.

Preliminarily plaintiff presented a clear case for the granting of injunctive relief. It then devolved upon defendant to establish the fraud which it had alleged by clear, precise, and indubitable evidence. *Broida v. Travelers Insurance Co.*, 316 Pa. 444, 447, 448, 175 A. 492; *Berardini v. Kay*, 326 Pa. 481, 487, 488, 192 A. 882. The chancellor in discussing the evidence rejected that presented by defendant as not worthy of belief, and made the further observation: ". . . we are satisfied that defendant's witnesses do not have an accurate recollection of the pertinent events and conversations." Although it can be said that appellant failed to establish fraud by the recognized standard, the issue of credibility arose from the conflicting testimony. Considering the matter in that light, we are agreed that the chancellor and the court in banc committed no error in accepting plaintiff's proofs and rejecting the evidence presented on behalf of defendant.

Even though we find no merit in defendant's attempt to take this case out of the class where credibility is the only issue, by reliance on a certain exhibit which plaintiff introduced in evidence, we shall dispose of defendant's argument. The document in question is a written report prepared by one of defendant's agents on the basis of an investigation purportedly made by another of defendant's agents who was not available as a witness. The report was prepared from what the

one agent had told the other. It contains certain conclusions made by the investigating agent, which, if true, would indicate that plaintiff had made admissions concerning the alleged misrepresentations. At the hearing before the chancellor the agent who prepared the report testified for defendant and made statements damaging to plaintiff which were also contradictory of his written report. Plaintiff, in cross-examining this witness, brought out these contradictions which related to a subsidiary issue and not that of fraud, and then offered this written report to attack the credibility of the witness on this point. Defendant now asserts that plaintiff thus adopted this report as his own, including the parts which were damaging to him, under the doctrine of admission by adoption, citing *Becker v. Philadelphia,* 217 Pa. 344, 66 A. 564. The Becker rule has no application here. Under that decision, where a party uses the testimony of a witness at a prior trial to prove a particular point and does not offer any contradiction to that testimony, he thereby adopts the testimony as his own and it may be used in a subsequent trial as an admission against him. See, also, *Winter v. Walter,* 37 Pa. 155, 160. The instant case does not present an analogous situation. Rather, the rule exemplified in *Heyman v. Hanauer,* 302 Pa. 56, 62, 152 A. 910, 912, is applicable and controlling: "But where, as here, admissions against interest and self-serving declarations are found in the same writing, and the other party wishes to take advantage of the admissions, it becomes necessary to offer the whole of the writing, even though part of it may contain matter favorable to the party making it . . . However, parts against his interest are entitled to greater weight than those in his favor . . ., and the jury may believe the admissions against himself and yet refuse to credit the statements in his own interest . . .; and the party offer-

ing an admission is not bound by self-serving declarations contained in the offer, but may introduce evidence to disprove them. . . ."

It is significant that the report was prepared for defendant and not by plaintiff or anyone in his behalf. It contained admissions on the subsidiary issue as well as self-serving declarations on the issue of fraud. In order to take advantage of the admissions plaintiff was obliged to introduce the entire report, including the self-serving declarations. These self-serving declarations were contradicted by plaintiff's other evidence and they were ultimately disregarded by the finders of fact. Defendant has an erroneous impression that these self-serving declarations must be considered as admissions by plaintiff.

Assuming for the moment that such declarations constituted admissions by plaintiff, they were nevertheless not conclusive upon the chancellor or the court in banc. Admissions which are clear, unequivocal, and uncontradicted *may* be the basis of a finding of fact. Cf. *Lambert v. Polen,* 346 Pa. 352, 355, 30 A. 2d 115. In the present case the purported admissions are not clear or unequivocal. Moreover, they are contradicted, and consequently entitled to little, if any, weight. *Moffitt v. Moffitt,* 340 Pa. 107, 110, 112, 16 A. 2d 418; *Taylor v. Parmer,* 336 Pa. 585, 10 A. 2d 420. In any event, it was within the province of the finders of fact to consider this document with the other evidence in the case in determining the presence of fraud.

No reason has been presented which would justify the rejection by this Court of any of the findings of fact or conclusions of law in this case.

The decree of the court below is affirmed, at the cost of appellant.