Jennison *v.* Aacher (et al., Appellants).

Argued June 13, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Joseph Head,* with him *Swartz, Campbell & Henry,* for appellant.

*Marvin H. Levin,* for appellee.

OPINION BY FLOOD, J., September 12, 1963:

This case raises certain questions as to procedure and evidence in garnishment proceedings under the attachment execution rules adopted by the Supreme Court in 1960.

The plaintiff, having obtained a judgment in trespass against the defendant Aacher in excess of $5,000, issued an attachment execution and served the appel-

lant insurance company as garnishee, and on the same day caused interrogatories to be served upon the garnishee. The plaintiff's ninth interrogatory asked the company to state the amount of proceeds payable under its liability policy under the circumstances involved in the plaintiff's suit against the defendant. The garnishee's answer was:

"None. Although the policy provided coverage of $5,000, it was breached by the defendant by his failure and refusal to cooperate in the defense of this law suit; counsel employed by the Garnishee thereupon withdrew their appearance for the defendant upon leave granted January 9, 1959, by the Court of Common Pleas No. 5."

The parties went to trial on the issues raised by the answers and the plaintiff offered in evidence its interrogatories and the garnishee's answers and rested. The garnishee offered no evidence and submitted a point for binding instructions in its favor. The court declined the point, the jury returned a verdict in favor of the plaintiff against the garnishee for $5,000, the garnishee's motion for judgment n. o. v. was denied and it has appealed from the denial.

1. The garnishee's first argument is in effect that the procedural rules change the burden of proof as to non-cooperation shifting it to the plaintiff in execution from the garnishee insurer, upon whom it rests under the decision of the Supreme Court in *Donaldson v. Farm Bureau Insurance Co.,* 339 Pa. 106, 14 A. 2d 117 (1940).

The rules make no such change in specific language. However, the garnishee argues that the change is implicit in the rules upon the following reasoning: The rights of a plaintiff in an attachment execution on an insurance policy rise no higher than the rights of the insured defendant against the insurer-garnishee. *Vrabel v. Scholler,* 369 Pa. 235, 85 A. 2d 858 (1952).

Therefore the plaintiff must plead and prove a case of liability on the part of the insurer to the defendant. Pa. R. C. P. No. 3145(a) provides that the procedure between the plaintiff and the garnishee shall as far as practicable be the same as though the interrogatories were a complaint and the answers of the garnishee were an answer in assumpsit. Since the interrogatories stand in place of the complaint they must contain facts sufficient to show liability to the defendant. Pa. R. C. P. No. 1019(c) requires the plaintiff in a suit in assumpsit to plead the performance of conditions precedent. The policy issued by the company to the defendant contains the following condition in paragraph 11: "The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits . . ." The plaintiff failed to plead in its interrogatories that the defendant had performed this condition precedent to liability of the garnishee on its contract of insurance. Therefore, the plaintiff did not plead a good cause of action.

This chain of reasoning is fallacious in that it omits any mention of burden of proof. Pa. R. C. P. No. 1019(c) says only that "it is sufficient to aver generally that all conditions precedent have been performed or have occurred". This does not require a plaintiff to aver such performance unless it is his burden to prove that the condition has been performed. It is not his burden in this action. *Donaldson v. Farm Bureau Insurance Co.,* supra. For pleading purposes, at least, a condition precedent is one whose performance or occurrence the plaintiff must prove in order to recover. See 3A, Corbin, Contracts, §749.

Moreover, Pa. R. C. P. No. 3145(a) does not require a plaintiff in his interrogatories to plead against

the insurer garnishee all of the facts which the insured defendant would have to plead in a direct suit upon the policy. This rule provides that the procedure between the plaintiff and the garnishee shall, "as far as practicable, be the same as though the interrogatories were a complaint and the answer of the garnishee were an answer in assumpsit". The use of the subjunctive "were" is evidence that the interrogatories are not a complaint. In view of other rules relating to the interrogatories such as Pa. R. C. P. Nos. 3144, 3145(b) and 3253, they cannot be treated as a complaint either as to form or content.

Pa. R. C. P. No. 3145(b)(2) provides: "The garnishee in his answer under 'new matter' may include . . . any defense or counterclaim which he could assert against the defendant if sued by him but he may not assert any defense on behalf of the defendant against the plaintiff or otherwise attack the validity of the attachment . . ." If the performance of the condition had to be pleaded by the plaintiff in his interrogatories to the garnishee, the latter would be required to deny it specifically and with particularity in his answer under Pa. R. C. P. No. 1019(c). It would not be an affirmative defense to be pleaded as new matter under Pa. R. C. P. No. 1030. The fact that any defense which the garnishee might have against the defendant must be set up as new matter in his answer under Pa. R. C. P. No. 3145(b)(2), follows from the fact that it cannot be pleaded as a denial under Pa. R. C. P. No. 1029(a) because the facts to be denied will not yet have been pleaded by the plaintiff. Obviously it is not expected that he plead such facts in his interrogatories. Only if the garnishee pleads the nonperformance as new matter in his answers, endorsed with a proper notice to plead, need the plaintiff file a reply pleading that the condition has been performed. Pa. R. C. P. Nos. 1017(a) and 1026.

Pa. R. C. P. No. 3253 provides that the interrogatories from the plaintiff to the garnishee shall be in substantially the form set forth in that rule. All of the interrogatories set forth in Pa. R. C. P. No. 3253 have to do with discovery of assets of the defendant in the hands of the garnishees. There is no suggestion in any of them that the plaintiff should in any fashion set forth a good cause of action on behalf of the defendant against the garnishee. In this respect, the rules maintain pre-existing practice based, no doubt, upon the fact that the plaintiff could not ordinarily be expected to know what were the dealings between the defendant and the garnishee or be able to allege under oath the facts giving rise to liability on the part of the garnishee to the defendant. Consequently he was never required to plead them. The fact that other interrogatories may be directed to the garnishee is no indication that they should be so startingly different from the form of those listed in Pa. R. C. P. No. 3253 as the garnishee suggests.

The interrogatories are in no proper sense a pleading and neither Pa. R. C. P. No. 3145(a) nor any of the other rules convert them into a complaint. Interrogatories constitute a discovery process and not a pleading either in form or substance, although for some purposes they stand instead of a complaint. They are treated as a complaint only "as far as practicable".

The garnishee relies upon the comment in Goodrich-Amram §1275(a)-1[1] which states: "The Rules improve the prior practice in recognizing clearly the 'pleading' character of the interrogatories and answers. The object of any adverse procedural steps between the plaintiff and the garnishee includes the procedure of arriving at an issue to be tried or adjudicated. The

---

[1] Pa. R. C. P. No. 1275(a) relating to foreign attachment is identical with Pa. R. C. P. No. 3145(a).

interrogatories are part of the plaintiff's initial adversary steps, similar to the complaint in an assumpsit action."

However, while the interrogatories may constitute the initial step in the plaintiff's proceeding against the garnishee, they are unlike a complaint in many respects. They cannot, for instance, be used as initial process, as this commentary goes on to point out.

More pertinent to the present controversy, Goodrich-Amram further states in 1275(b)-1: "The demurrer is not applicable, since the plaintiff states no 'cause of action' to be attacked as a matter of law. . . ." In §1275(b)-2 we find: "The plaintiff, although asserting a right of defendant against the garnishee, is not in possession of sufficient information to set it forth in a formal complaint. His claim against the garnishee must therefore be addressed to the issue whether the garnishee has in his possession property of the defendant. This is what the interrogatories seek to develop and these are the matters to which the garnishee must first respond in his answer."

The conclusion is clear that the plaintiff need not plead the defendant's cause of action in his interrogatories to the garnishee:

2. The garnishee further contends that when the plaintiff at the trial offered interrogatory number nine, together with the answer above quoted, he was offering evidence that there was no money due by the garnishee to the defendant and that the policy was breached by the defendant by his failure and refusal to' cooperate in the lawsuit. This, of course, is not so. The only fact alleged in the answer to interrogatory number nine is that there was a policy providing coverage in the sum of $5,000. The statement that the policy was breached by the defendant by his failure or refusal to cooperate in the defence of the lawsuit is a statement of a conclusion and not of a fact.

It is the garnishee's burden under the *Donaldson* case to plead and prove a breach of condition as to cooperation. A denial of performance or occurrence of a condition shall be made specifically and with particularity. Pa. R. C. P. No. 1019(c). There is no averment that the defendant failed to do any of the things required of him under the cooperation clause in paragraph eleven of the policy above quoted. It is not set forth that he failed to attend hearings or trials or assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses or in the conduct of suits. In short no facts are set forth showing lack of cooperation.

The mere statement that the defendant did not cooperate is not the sort of statement upon which a judgment could be based in favor of the garnishee, who has the burden of proving failure to cooperate. The averment that no money is due under the policy is similarly a bald conclusion. Far from being entitled to judgment on such improper averments of conclusions, the garnishee may be precluded from proving facts showing lack of cooperation since these defective answers are the only pleading in the case. Conclusions in a pleading may be ignored in answering it. Goodrich-Amram §1019(a)-12. They may be similarly ignored when a paragraph from a pleading, which must be offered as a whole, is offered in evidence by the adversary for the admissions of fact which it contains. *Paull v. Meyers,* 200 Pa. Superior Ct. 74, 78, 186 A. 2d 849, 851 (1962).

3. The appellant also argues that the court should have considered the answers to the supplemental interrogatories, claiming that the plaintiff offered them in evidence. The transcript shows the following with regard to this:

"Mr. Levin: I offer into evidence, sir, the writ of execution and attachment of the defendant Home

Indemnity Company, and the interrogatories and the answers to said interrogatories, Your Honor, and the insurance policy which was attached and made part of the defendant's answers to such interrogatories.

"Mr. Head: May I have it clear that you are referring to the interrogatories sur attachment and the corresponding answers?

"Mr. Levin: That is correct.

"Mr. Head: And the supplemental interrogatories and the answers thereto?

"Mr. Levin: That is correct, sir.

"Mr. Head: No objection.

"Mr. Levin: I am offering only the original interrogatories in garnishment and the answers thereto. I do not offer, sir, the supplemental interrogatories and the answers thereto.

"Mr. Head: Sir, if he offers the interrogatories and answers, he should offer them all.

"Mr. Levin: Sir, the issue was resolved by the interrogatories in garnishment, the original ones, which take the place of the complaint in this matter. The other interrogatories were simply part of my discovery proceedings and the answers contain prejudicial matter.

"The Court: It will be a matter of defense. The defense can bring them in if it wishes."

The garnishee's counsel did nothing further with regard to this and presented no evidence.

The answers to the supplemental interrogatories, like all depositions and pleadings in an action at law are not evidence unless offered at the trial. Since they were detrimental to his case if taken as true, the plaintiff would not normally be expected to offer them. The court considered that he did not offer them, and that his answer to Mr. Head's question indicated that his statement offering them was an inadvertence which he immediately corrected. The court

below did not consider it as an offer which the plaintiff could not withdraw, and so informed defendant's counsel at once. This was either no offer at all or an offer immediately withdrawn with the consent of the court. Approval of such a withdrawal is within the discretion of the court. Since the garnishee did not thereafter make any attempt to prove the matters alleged in these answers, they cannot be considered.

Judgment affirmed.