Opinion by
Montgomery, J.,
This is an appeal by Carol C. Kates and Edward A. Meyer, plaintiffs below, from the dismissal of their motions for a new trial and the entry of judgments for the original defendant, Joseph T. Mulhern, on verdicts directed by the court in his favor as well as in favor of Meyer as an additional defendant on the claim of Kates.
The action was one of trespass for personal injuries and property damages sustained in a collision of automobiles, one of which was operated by Meyer and the other by Mulhern. Kates was a passenger in the Meyer car. Kates and Meyer are now husband and wife, having married since the accident.
The accident occurred at the intersection of Old York Road and Rubicam Street in Abington, Pennsylvania, at 9:30 P.M., October 25, 1958. The Meyer car was being driven north on Old York Road and the Mulhern car generally south on the same road. However, while in the intersection the Mulhern car was turned to the left or east. The impact was between the front of the Meyer car and the forward right side of the Mulhern car.
In the opinion of the lower court we find its reasons for its action, viz.: “We may for purposes of this opinion concede arguendo that Mulhern was negli *127 gent. . . . Meyer by Ms own testimony violated Mulhern’s right of way and hence was guilty of negligence that contributed to the accident, and defeats any recovery by Meyer.
“The claim of the only other claimant, Carol C. Kates, now Meyer’s wife, ... is defeated not only for the reason that it is against public policy to permit her to recover in trespass from her husband (Parks v. Parks, 390 Pa. 287; Meisel v. Little, 407 Pa. 546, 549), but also because she failed to give to the driver reasonably timely warning of the imminence of the collision, although seated on the front seat beside him where she had an excellent view of the road ahead: Hill v. Philadelphia Rapid Transit Company, 271 Pa. 232, 236, and the long line of cases following it.”
Our examination of the record leads us to the inevitable conclusion that a new trial must be granted.
Miss Kates is not precluded from recovering damages from a third party, although she is presently married to the additional defendant. Ondovchik v. Ondovchik, 411 Pa. 643, 192 A. 2d 389. Furthermore, there is little, if anything, in her testimony from which a finding of negligence as a matter of fact, let alone as a matter of law, could be based. She testified that on this dark rainy night, while riding in the front seat and not recalling what she was doing, she suddenly was aware of the collision although she had not previously seen the other car. Reeves v. Winslow, 394 Pa. 291, 147 A. 2d 357; Gaber v. Weinberg, 324 Pa. 385, 188 A. 187.
Meyer’s version of the accident does not charge him with negligence as a matter of law. He testified he was traveling 30 to 35 miles an hour on this four-lane highway, next to the parking lane with no traffic in front of him traveling north, but with a stream of traffic approaching, traveling south, and as he was three car lengths south of Rubicam Street, he first saw Mulhern’s car “. . . in the lefthand lane going south, next *128 to the medial strip . . . not quite in the middle of Rubicana Street . . . going straight”, giving no indication with lights or otherwise of his intentions to turn. He testified further, “As I got maybe a car length further on the road, I saw Mr. Mulhern’s car come diagonally right towards me and as I saw that I put on my brakes and he turned to his left then sort of going into Rubicam Street and at that time, right before I stopped, we collided in the middle of the road and my left front fender struck his right front wheel. . . . Immediately after the collision occurred I stopped and the Mulhern car continued in a northwest direction and he stopped himself on the north curb of Rubicam Street when his tires hit the curb and he stopped.” Further: “Q. Where was your vehicle stopped? A. Just about the south side of Rubicam Street. Q. And what direction was it facing? A. It was facing north, same direction.” Rubicam Street was 28 feet from curb to curb.
Nonsuits and binding instructions can be entered only in clear cases, Turley v. Rothman, 385 Pa. 27, 122 A. 2d 84; Todd v. Nesta, 305 Pa. 280, 157 A. 678; Paull v. Meyers, 200 Pa. Superior Ct. 74, 186 A. 2d 849, and a case should be left to the jury although there are conflicts in the testimony of the plaintiff or between his testimony and that of his witnesses. Nitch v. Moon, 405 Pa. 474, 176 A. 2d 627; Reedy v. Brown, 395 Pa. 382, 150 A. 2d 707; O’Farrell v. Mawson, 320 Pa. 316, 182 A. 538; Creachen v. Bromley Brothers Carpet Company, 209 Pa. 6, 57 A. 1101.
Without further analyzing the duties of two drivers, or resolving any conflicts that may exist, since the case must be retried, we are of the unanimous opinion that it was error for the lower court to have granted binding instructions. Under the oral testimony of plaintiffs the case should have been decided by the jury.
Judgments reversed and a new trial granted as to all parties.