

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-10-2007

# Chemtech Intl Inc v. Chem Injection Tech

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3345

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Chemtech Intl Inc v. Chem Injection Tech" (2007). *2007 Decisions.* Paper 455.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/455

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3345

CHEMTECH INTERNATIONAL, INC.,
Appellant,

v.

CHEMICAL INJECTION TECHNOLOGIES, INC.

Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civ. No. 05-cv-00140
District Judge:  The Honorable Robert F. Kelly

Submitted Under Third Circuit LAR 34.1(a)
May 24, 2007

Before: BARRY, CHAGARES, and TASHIMA,[*] Circuit Judges.

(Opinion Filed: September 10, 2007 )

_____

[*]    Honorable A. Wallace Tashima, Senior Circuit Judge, United States Court of
Appeals for the Ninth Circuit, sitting by designation.

OPINION OF THE COURT

TASHIMA, <u>Circuit Judge</u>:

Appellant Chemtech International, Inc. ("Chemtech") sued Chemical Injection Technologies, Inc. ("CIT") for breach of contract. Under a contract dated November 18, 1996, Chemtech acted as the exclusive Southeast Asia distributor of CIT's gas chlorination equipment. CIT informed Chemtech on March 26, 2002, that Chemtech would no longer hold its status as an exclusive distributor. Chemtech learned on about April 16, 2003, that CIT had been dealing directly with Chemtech's subdistributors and customers of CIT's gas chlorination equipment since March 26, 2002. Finally, on about July 1, 2004, CIT revoked Chemtech's distributor status as to certain products and revoked Chemtech's distributor status altogether shortly thereafter. Chemtech contends that each of these actions constituted breach of contract. CIT successfully moved for dismissal of Chemtech's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6), and Chemtech timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and we now affirm.

## I.     Factual and Procedural Background

The November 1996 agreement ("Agreement"), by its terms, expired after one year, but it contained a renewal provision: "This agreement will be renewed at the end of the initial period providing that all terms and conditions have been met as stated in this agreement, and further providing that both parties are in accord as to projected unit sales

goals." (App. at 36.)  The first year sales goal was stated as 100 units.  (Id.)

Chemtech's original complaint alleged only that CIT took action "in breach of the agreement," and the district court dismissed the complaint with prejudice for failure to state a claim.  On appeal, we affirmed the district court's dismissal, but vacated the judgment to allow Chemtech to amend its complaint.  Chemtech Int'l, Inc. v. Chem. Injection Techs., Inc., 170 F. App'x 805 (3d Cir. 2006).  The amended complaint added the following allegations:

> After November 18, 1997, Plaintiff and Defendant conducted themselves as if "all terms and conditions [had] been met" and as if they had explicitly agreed "as to projected unit sales goals".
>
> After November 18, 1997, Plaintiff and Defendant conducted themselves as if the Agreement renewed itself and continued in full force and effect for successive one year terms.

(App. at 30.)  The amended complaint also alleged that neither Chemtech nor CIT notified the other party of an intent to terminate the Agreement, and that even after receipt of the March 26, 2002, letter, Chemtech continued to believe that the 1996 contract operated to grant exclusive distributor status with respect to "other of Defendant's products."  (Id. at 31.)  The parties agree that the Agreement is governed by Pennsylvania law.

## II.    Standard of Review

We exercise plenary review over the district court's dismissal of a complaint under Rule 12(b)(6).  Vallies v. Sky Bank, 432 F.3d 493, 494 (3d Cir. 2006).  A Rule 12(b)(6) motion will be granted "'if it appears to a certainty that no relief could be granted under

3

any set of facts which could be proved.'" Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) (quoting D.P. Enters. Inc. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984)). We accept all factual allegations in Chemtech's complaint as true and examine "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Del. Nation v. Pennsylvania, 446 F.3d 410, 415 (3d Cir. 2006). However, we are not required to credit bald assertions or legal conclusions improperly alleged in the complaint, and legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. In re Rockefeller Ctr. Props., Inc. Sec. Litig., 311 F.3d 198, 216 (3d Cir. 2002); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); see also Angstadt v. Midd-West Sch. Dist., 377 F.3d 338, 342 (3d Cir. 2004).

## III.    Analysis

The issue on appeal is whether the additional allegations pleaded in Chemtech's amended complaint sufficiently allege breach of contract. We conclude that they do not.

To state a claim for breach of contract under Pennsylvania law, a plaintiff must allege "'(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages.'" Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir. 2003) (quoting CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)). Thus, in order to proceed with its claim that CIT breached its contractual duties, Chemtech must first allege that a contract in fact existed. This it has failed to do.

4

Chemtech contends that the one-year Agreement, which expired in November 1997, continued to govern the parties' business relationship five years later. The Agreement itself, however, provided that its terms would not be automatically extended. Rather, renewal expressly depended upon two conditions:

(1) all terms and conditions have been met as stated in the Agreement; and

(2) both parties are in accord as to projected unit sales goals.

CIT thus had no contractual duty to Chemtech unless these two prerequisites were satisfied. Restatement (Second) of Contracts § 225 (1981) ("Performance of a duty subject to a condition cannot become due unless the condition occurs or its non-occurrence is excused"); see, e.g., Suburban Transfer Serv., Inc. v. Beech Holdings, Inc., 716 F.2d 220, 225 (3d Cir. 1983) (defendant had no obligations under contract because condition precedent was not satisfied).

Chemtech's amended complaint fails to allege satisfaction of either of the conditions precedent to renewal in 1997 or at any subsequent time. Instead, the amended complaint states: "After November 18, 1997, Plaintiff and Defendant conducted themselves as if "all terms and conditions [had] been met" and as if they had explicitly agreed "as to project unit sales goals." (App. at 30.) Thus, what Chemtech contends is that the parties acted as if the conditions precedent to renewal were fulfilled, which is not the same thing as claiming that the conditions were actually satisfied. A complaint that alleges a breach of contract without averring compliance with conditions precedent does

5

not state a valid breach of contract claim.[1] Cf. InfoComp, Inc. v. Electra Prods., Inc., 109 F.3d 902, 905-07 (3d Cir. 1997) (written agreement was unenforceable under Pennsylvania law because a condition precedent to agreement's formation was not satisfied); Franklin Interiors v. Wall of Fame Mgmt. Co., 511 A.2d 761, 762 (Pa. 1986) (same); Jennison v. Aacher, 193 A.2d 769, 772 (Pa. Super. Ct. 1963) (if plaintiff holds burden to prove that condition of formation has been performed, then plaintiff must aver performance of condition in order to show satisfaction of contract). Moreover, aside from this legal conclusion couched as a factual allegation, Chemtech alleges no subsequent conduct that could be construed as an indication that the parties intended to waive these conditions of renewal. Therefore, the district court's dismissal of Chemtech's amended complaint was proper.[2]

---

[1] Chemtech's reliance on Fed. R. Civ. P. 9(c) is misplaced. It is true that under Rule 9, it is sufficient to aver generally that all conditions precedent have occurred. The deficiency here, however, lies not in Chemtech's failure to identify the conduct establishing satisfaction of the Agreement's renewal preconditions at the requisite level of detail, but in the omission of any allegation that the two conditions precedent occurred at all.

[2] Even assuming the Agreement was renewed in 1997, the amended complaint still fails to state a claim for breach of contract. Under Pennsylvania law, a sales contract that does not specify a definite duration is terminable at will by either party. 13 Pa. Cons. Stat. § 2309(b); Stelwagon Mfg. Co. v. Tarmac Roofing Sys., Inc., 63 F.3d 1267, 1277 n.20 (3d Cir. 1995). Consequently, CIT would have been free to terminate the renewed agreement, unless the renewal occurred under circumstances demonstrating that the parties intended a definite period. Chemtech's amended complaint alleges only that "After November 18, 1997, Plaintiff and Defendant conducted themselves as if the Agreement renewed itself and continued in full force and effect for successive one year terms." (App. at 30.) But the complaint fails to identify any actual facts that, if proven, would refute the presumption of an at-will relationship and support a finding that the

6

For the reasons we have discussed, we will affirm the judgment.

parties intended to renew the original Agreement for successive one-year terms through 2002, 2003, or 2004. Consequently, the allegation is merely a legal conclusion "draped in the guise of" a factual allegation that we do not credit.