16-3573-cv
Caren v. Collins

# UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT

# S U M M A R Y   O R D E R

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse at Foley Square, in the City of New York, on the 28th day of April, two thousand seventeen.

Present:     AMALYA L. KEARSE,
             JOSÉ A. CABRANES,
             RAYMOND J. LOHIER, JR.,

                          *Circuit Judges.*
_____

ERIC C. CAREN, CAREN ARCHIVE INC.,

                          *Plaintiffs-Appellants,*

                          - v. -                          No. 16-3573-cv

HARRY B. COLLINS, JR., RAYMOND A. COLLINS, MEREDITH COLLINS APPLEGATE, BROWN BROTHERS LLP.,

                          *Defendants-Appellees.*
_____

For Plaintiffs-Appellants:          PHILLIP A. OSWALD, Buffalo, New York (Rupp Baase Pfalzgraf
                                    Cunningham, Buffalo, New York)

For Defendants-Appellees:    DAVID A. FALLON, Albany, New York (Tully Rinckey, Albany, New York)

Appeal from the United States District Court for the Northern District of New York.

ON CONSIDERATION WHEREOF, it is now hereby ordered that the appeal be, and it hereby is, dismissed without prejudice, and the matter is remanded to the district court for supplementation of the record consistent with this order.

Plaintiffs Eric C. Caren and Caren Archive Inc. appeal from a judgment of the United States District Court for the Northern District of New York, Glenn T. Suddaby, *Chief Judge*, dismissing their complaint against defendants Brown Brothers LLP (the "limited partnership" or "partnership"), Harry B. Collins, Jr., Raymond A. Collins, and Meredith Collins Applegate. Jurisdiction of the action was alleged to be premised on diversity of citizenship, *see* 28 U.S.C. § 1332. However, the allegations in the complaint do not allege the parties' citizenship.

Although the individual plaintiff and the individual defendants are alleged to be residents of certain States, such an allegation is insufficient to plead citizenship, *see, e.g.*, *Franceskin v. Credit Suisse*, 214 F.3d 253, 255-56 (2d Cir. 2000), which depends on an individual's domicile, *see, e.g.*, *Gilbert v. David*, 235 U.S. 561, 569 (1915); *John Birch Society v. National Broadcasting Co.*, 377 F.2d 194, 199 (2d Cir. 1967) ("[A] statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens.").

Although the plaintiff business entity is alleged to be duly licensed to do business in New York, such an allegation is insufficient to plead its citizenship. *See, e.g.*, 28 U.S.C. § 1332(c)(1) (with exceptions not pertinent here, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

Although the defendant limited partnership is alleged to be duly authorized to conduct business in Pennsylvania, such an allegation is insufficient to plead its citizenship. For purposes of diversity jurisdiction, a limited partnership has the citizenship of each of its general and limited partners. *See, e.g.*, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). As indicated above, the complaint does not allege the citizenships of the individual defendants who are alleged to have been members of the limited partnership. In addition, the complaint neither alleges that those individuals were the only members of the partnership nor reveals the citizenship(s) of any other person or persons who were members of the partnership, *see id.* at 195 ("we reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members").

Accordingly, we dismiss the appeal without prejudice, and remand pursuant to the procedure set out in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), for the district court, following whatever additional proceedings it deems necessary, to supplement the record with findings as to the citizenship of each of the parties to the litigation as of the time the action was commenced, *see, e.g.*, *Maryland Casualty Co. v. W.R. Grace & Co.*, 23 F.3d 617, 622 (2d Cir. 1993).

After the district court has made such findings, either party may, by letter to this Court's Clerk's Office within 30 days, have this appeal reinstated without need for a new notice of appeal or additional filing fee. The letter will inform the Clerk that the case will be heard by this panel upon letter briefs to be filed according to a schedule set by the Clerk.

The mandate shall issue forthwith.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court