16-3573-cv
*Caren, et al. v. Collins, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of August, two thousand seventeen.

PRESENT:    AMALYA L. KEARSE,
            JOSÉ A. CABRANES,
            RAYMOND J. LOHIER, JR.,

                    *Circuit Judges.*

─────────────────────────────────

ERIC C. CAREN and CAREN ARCHIVE INC.,

                    *Plaintiffs-Appellants,*                    16-3573-cv

                    v.

HARRY B. COLLINS, JR., RAYMOND A. COLLINS,
MEREDITH COLLINS APPLEGATE, and BROWN
BROTHERS LLP,

                    *Defendants-Appellees.*

─────────────────────────────────

**FOR PLAINTIFFS-APPELLANTS:**          PHILLIP A. OSWALD, Rupp Baase
                                        Pfalzgraf Cunningham LLC, Buffalo, NY.

**FOR DEFENDANTS-APPELLEES:**           DAVID A. FALLON, Tully Rinckey PLLC,
                                        Albany, NY.

Appeal from an order of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Chief Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 23, 2016 order is **AFFIRMED**.

This appeal returns to us following proceedings on remand for supplementation of the record, *see Caren v. Collins*, No. 16-3573, 2017 WL 1521487 (2d Cir. Apr. 28, 2017), confirming the existence of subject matter jurisdiction.

Plaintiffs-appellants Eric C. Caren and Caren Archive, Inc. ("Plaintiffs") brought an action in the District Court against defendants-appellees, Harry B. Collins, Jr., Raymond A. Collins, Meredith Collins Applegate, and Brown Brothers LLP ("Defendants"), alleging a breach of the parties' brokerage agreement, which provided Plaintiffs with the exclusive right to market and negotiate a sale of Defendants' collection of vintage photographs (the "Agreement"). Plaintiffs argued below that Defendants breached the Agreement in three ways: (1) they breached the duty of good faith and fair dealing by failing to meet with potential buyers identified by Plaintiffs; (2) they sold the photograph collection without using Plaintiffs' services; and (3) they informed Plaintiffs that they would not honor the Agreement, five months after entering into the contract. Defendants moved to dismiss Plaintiffs' breach of contract claim and, after concluding that none of Plaintiffs' three theories stated a plausible breach of contract, the District Court granted the motion. *Caren v. Collins*, No. 15 CV 0864 (GTS) (DJS), 2016 WL 5360875, at *8–*9, *15 (N.D.N.Y. Sept. 23, 2016). On appeal, Plaintiffs ask us to reverse the District Court's dismissal of their breach of contract claim or, alternatively, to modify the dismissal to be without prejudice and to reverse the District Court's judgment denying their motion for leave to file an amended complaint. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

We review *de novo* "a district court's dismissal of a complaint pursuant to [Federal Rule of Civil Procedure] 12(b)(6) . . . , accept[ing] all well-pleaded allegations in the complaint as true, [and] drawing all reasonable inferences in the plaintiff's favor." *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010).

Plaintiffs make three arguments explaining why the District Court erred in dismissing their breach of contract claim. First, they contend that the District Court applied an incorrect legal standard when evaluating whether their complaint adequately pled a breach of contract claim. Second, they argue that they did not need to allege their performance under the Agreement and, in any event, they adequately alleged their performance. Third, they maintain that Defendants' refusal to communicate with potential buyers identified by them amounts to a breach of the duty of good faith and fair dealing under Pennsylvania Law.[1] We find no merit in any of Plaintiffs' arguments.

---

[1] The District Court determined, and the parties do not dispute, that Pennsylvania law governs Plaintiffs' breach of contract claim. *Caren*, 2016 WL 5360875, at *8.

First, the District Court employed the correct legal standard governing motions to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) when it required Plaintiffs to allege a "plausible" breach of contract claim in order to survive Defendants' motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Contrary to Plaintiffs' argument on appeal, the District Court did not apply "a heightened standard that is akin to the standard under [Federal Rule of Civil Procedure] 9(b)," Plaintiffs' Br. 18, nor did it construe any facts or draw any reasonable inferences in favor of Defendants, *see Operating Local 649 Annuity Trust Fund*, 595 F.3d at 91.

Second, Plaintiffs failed to plead adequately their performance of a condition precedent. Defendants argued below that their alleged violation of the exclusivity provision of the Agreement as well as their alleged abrogation of the Agreement on March 27, 2015, could not form the basis of a breach of contract claim because Plaintiffs failed to allege that the Agreement remained in effect beyond the initial ninety-day period. The District Court adopted that argument in its order granting Defendants' motion to dismiss. We agree.

Clause Five of the Agreement states that "[t]his Agreement shall become null and void if Caren does not bring to Brown [Brothers] a viable potential purchaser within ninety (90) days of the execution of this Agreement." Appendix ("A") 17. This clause established a condition precedent to the continued existence of the Agreement beyond an initial ninety-day period. *See Suburban Transfer Serv., Inc. v. Beech Holdings, Inc.*, 716 F.2d 220, 224 (3d Cir. 1983) (explaining that contract language stating that "'[t]he Loan shall be repaid over a term of at least ten (10) years . . . *provided, however,* that the Loan shall be in the form of a Note and Security Agreement,' . . . clearly establishes a condition precedent"); *see also Chemtech Int'l, Inc. v. Chem. Injection Techs., Inc.*, 247 F. App'x 403, 405 (3d Cir. 2007) (explaining that an agreement, which "provide[s] that its terms would not be automatically extended" unless two conditions were met, creates conditions precedent to the continuation of the agreement).

While Plaintiffs alleged that they "proceeded in good faith to fulfill [their] obligations . . . [by] widely publicizing the importance of the [collection] and its availability for purchase and contacting potential buyers," A 11, that did not plausibly plead that the condition precedent was satisfied, because alleging that a party has proceeded in good faith to perform acts that might have led to the fulfillment of his obligation does not in itself suggest that he did fulfill his obligation. And, though Plaintiffs also alleged that they provided bona fide potential buyers to Defendants, *id.* at 12, they failed to allege that they presented such purchasers to Defendants within ninety days of the execution of the Agreement. Because Plaintiffs failed to allege that they met the condition precedent, they have not plausibly alleged that the Agreement was still in effect when Defendants supposedly sold their collection without the aid of Plaintiffs and informed Plaintiffs that they were no longer honoring the Agreement. *See Mellon Bank, N.A. v. Aetna Bus. Credit, Inc.*, 619 F.2d 1001, 1008 (3d Cir. 1980) (asserting that "Pennsylvania cases dealing with the burden of proving a

3

condition precedent [ ] suggest that the burden of proof to establish the condition is on the party alleging the breach"); *cf. InfoComp, Inc. v. Electra Prod., Inc.*, 109 F.3d 902, 905–06 (3d Cir. 1997) (explaining that, under Pennsylvania law, "when an offeror fails to comply with its own conditions precedent to contract formation, that party may not claim the benefits of the proposed contract").

Third, Plaintiffs' final breach of contract theory—that Defendants' breached the duty of good faith and fair dealing by refusing to communicate with potential buyers identified by Plaintiffs—also fails. Under Pennsylvania law, a claim for breach of the duty of good faith and fair dealing must bear "some relationship to the provisions of the contract itself." *W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 170 (3d Cir. 2013). Courts cannot "interpose contractual terms to which the parties never assented" and use those terms as the basis for a breach of good faith and fair dealing claim. *Id.* Here, the District Court correctly concluded that Plaintiffs "failed to identify a specific duty imposed by the [Agreement] that required Defendants to meet with and/or entertain bona fide potential buyers." *Caren*, 2016 WL 5360875, at *9. Rather, the plain language of the Agreement requires that Plaintiffs, not Defendants, negotiate with potential purchasers. A 17 (Clause Five). Accordingly, we agree with the District Court's conclusion that "Plaintiffs [ ] failed to allege facts plausibly suggesting that Defendants breached their duty of good faith and fair dealing in performing the [Agreement]." *Caren*, 2016 WL 5360875, at *9.

In sum, we conclude that the District Court did not err in granting Defendants' motion to dismiss Plaintiffs' breach of contract claims. We also see no reason to disturb the District Court's decision to dismiss the complaint with prejudice and to deny Plaintiffs' motion to file an amended complaint. Although "dismissals for insufficient pleadings are ordinarily with leave to replead," *Stern v. Gen. Elec. Co.*, 924 F.2d 472, 477 (2d Cir. 1991), Plaintiffs have failed to demonstrate that their amended complaint would cure the deficiencies identified by the District Court in their initial complaint, *see Mortimer Off Shore Servs., Ltd. v. Fed. Republic of Germany*, 615 F.3d 97, 99 (2d Cir. 2010) ("We determine that leave to amend would be futile because the proposed amended complaint did not cure the original complaint's deficiencies . . . ."). For example, Plaintiffs allege in their proposed amended complaint that they substantively fulfilled their obligations pursuant to the contract and that Defendants stopped communicating with Plaintiffs. However, Plaintiffs again fail to allege that these actions took place within ninety days of the execution of the Agreement.

**CONCLUSION**

We have considered all of the arguments raised by Plaintiffs and find them to be without merit. For the foregoing reasons, the September 23, 2016 order is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4