# Moore and Downs *v.* Tyler, Black and Smith, Appellants.

*Vendor—Vendee—Contract of sale—Parol contracts—Evidence to contradict admission.*

In an action to recover the price paid for license to sell certain oil heaters, the evidence established that the contract provided as follows: "No agreements, other than those herein stipulated or those contained in the printed instructions . . . . . shall be binding on either of the parties hereto."

In such case the written agreement, including the printed instructions referred to therein, which stipulated that it contained the entire contract, fixed the rights of the parties, and the plaintiff's right to recover depended upon their ability to prove that some stipulation therein as to a material fact was false and fraud-

ulent. The false representation which will invalidate a contract must be of a material fact known to be untrue by the party making it, or recklessly made without any sufficient ground for believing it to be true, and intended to be acted upon by the person deceived and actually misleading to his injury.

Where the plaintiffs fail to present the requisite proof to entitle them to rescind the contract for false representations, the defendants are entitled to binding instructions in their favor.

Argued April 21, 1925. Appeal No. 123 April T., 1925, by defendants, from judgment of C. P. Lawrence County, December T., 1922, No. 102, in, the case of W. E. Moore and C. J. Downs v. W. V. Tyler, H. E. Black and C. W. Smith. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit on written contract. Before EMERY, P. J.

The facts are stated in the opinion of, the Superior Court.

Verdict for plaintiff in the sum of $2186.66, and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court, answers to points, and refusal to grant a new trial.

*Wylie McCaslin,* and with him *Charles R. Davis,* for appellants.—The evidence of the defendants to contradict the provisions of the written contract was inadmissible: Krueger v. Nicola, 205 Pa. 38; Savings Bank v. Trust Company, 210 Pa. 320; G. B. Hurt v. Fuller Canneries Co., 269 Pa. 85; Cozens v. Stevenson, 5 S. & R. 421; Ellmaker v. Franklin Insurance Co., 5 Pa. 183; Holcomb & Hoke Mfg. Co. v. Gamba, 80 Pa. Superior Ct. 191; Gross v. Exeter Machine Works, 277 Pa. 363; Salicone v. Peterson Motors Inc., 82 Pa. Superior Ct. 153; Philadelphia Motor Speedway Assn. v. Murphy, 71 Pa. Superior Ct. 451; Colt Co. v. Evans, 74 Pa. Superior Ct. 73; Tranter Mfg. Co. v. Blaney, 61 Pa. Superior Ct. 379.

*James A. Chambers,* and with him *John P. Lockhart,* for appellees.

OPINION BY GAWTHROP, J., July 9, 1925:

Defendants were the sole distributors, for certain counties of western Pennsylvania, of a patented invention or device for burning oil for heating purposes, which was known as the Wat-R-Oil Burner. During the summer of 1921 two of the defendants called at the place of business of one of the plaintiffs and left with him certain pamphlets describing the device, and made arrangements for plaintiffs to witness an exhibition of the working of the burner. Some time later plaintiffs saw the demonstration, which was not satisfactory. Then defendants arranged to exhibit the burner at the Stoneborough Fair, plaintiffs furnishing the space upon the ground and the oil to operate the burner, which did not work satisfactorily at that time. During this time defendants offered to sell to plaintiffs the exclusive right to sell the device in the counties of Venango and Mercer in the State of Pennsylvania. A contract was prepared by defendants and submitted to plaintiffs, by the terms of which, for a consideration of $2,000, plaintiffs agreed to buy from defendants "the sole and exclusive right and privilege to use and to sell to others for use said invention" in Venango and Mercer Counties, the license to continue for the period of one year from the date of the contract, with the right, if plaintiffs bought and paid for seventy-five burners during the first year, to the renewal and extension of the license for the following year, with the additional right of an extension of the agreement from year to year during the life of the patent on the same terms. The contract contained a clause which provided that plaintiffs "in making sales shall not bind the parties of the first part (defendants) by any guarantees, covenants, or warranties relating to said

burners, other than the printed instructions received by party of the second part'' and that ''no agreements, other than those herein stipulated or those contained in the printed instructions..,....shall be binding on either of the parties hereto.'' On October 5, 1921, the contract was executed by the parties and plaintiffs paid $2,000.00 to defendants. Shortly after the execution of the contract plaintiffs ordered two burners through defendants and made payment therefor direct to the manufacturer.

The allegation in the statement of claim is that defendants falsely represented to plaintiffs that the oil burner was a perfect device, would burn perfectly any grade of oil, and could be used in great saving in the cost of fuel to any person or persons operating it; and that by means of these false representations defendants solicited plaintiffs to purchase from them, through the manufacturers, seventy-five of such oil burners; and that plaintiffs agreed to purchase seventy-five burners within one year and to pay defendants $2,000.00 for the exclusive right to sell the burners in the counties mentioned. The claim was that the burners were not practicable for heating purposes, and plaintiffs sought to recover the $2,000.00 paid for the license, $8,437.50 representing the profit to be made on the sale of the seventy-five burners, and certain expenditures for advertising. The defense set up was that plaintiffs relied wholly upon their own examination of the burner and the tests and demonstrations of a sample burner; that the written contract constituted the whole agreement between the parties and that it contained no warranty as to the efficiency of the burners. The trial resulted in a verdict for $2,186.66, which it is conceded represents the $2,000.00 paid for the license, plus interest on the same.

In view of the conclusion which we have reached, it is necessary to consider only that assignment of error which complains of the refusal of the court below to

enter judgment for defendants notwithstanding the verdict. The statement of claim shows that the remedy sought is the rescission of the contract on the ground of false and fraudulent representations as to the patented device, and to recover the consideration money paid. There is no allegation in the statement that the oral representations, on which plaintiffs relied, were contemporaneous with the signing of the agreement, or that they were omitted therefrom by fraud, accident or mistake. It is clear, therefore, that the written agreement, including the printed instructions referred to therein, which stipulates that it contains the entire contract, fixes the rights of the parties (Gross v. Exeter Machine Works, 277 Pa. 363), and that plaintiffs' right to recover in this action depends upon their ability to prove that some stipulation therein as to a material fact was false and fraudulent. The false representation which will invalidate a contract must be of a material fact known to be untrue by the party making it, or recklessly made without any sufficient ground for believing it to be true, and intended to be acted upon by the person deceived and actually misleading him to his injury: Devers v. Sollenberger, 25 Pa. Superior Ct. 64, 67; Griswold v. Gebbie, 126 Pa. 353. Viewed in the light of this rule, the evidence fails in several particulars. A careful examination of the "printed instructions," which contain the only representations on which plaintiff can rely, discloses that they are no more than the expression of an opinion of the patented device, which does not even amount to an express warranty in the case of a sale of goods (Section 12 of the Sales Act of 1915, P. L. 543). There is an utter failure of proof that defendants vouched for the existence of any fact without the knowledge of its existence or with reckless disregard of its truth or falsity. Both of the plaintiffs testified that they had seen the device in operation many times, that it did

not function properly and that they were not satisfied with it. How then can it be said that they were deceived by any representations which defendants made? We are clear that the requisite proof to entitle plaintiffs to rescind the contract for false representations wholly fails and that the court below should have directed a verdict for defendants on that ground.

The judgment is reversed and here entered for defendants.