## Abrams *v.* Crown, Appellant.

Argued March 24, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Reuben Singer*, with him *Meade & Singer*, for appellants.

*Herbert H. Hadra*, with him *Robert H. Arronson* and *Maurice Freedman*, for appellees.

OPINION BY WRIGHT, J., July 21, 1955:

Elmer Abrams and Ethel Abrams, his wife, owned a property at 2512 North 32nd Street in the City of Philadelphia. Eugene Crown and Harold J. Lowenthal, trading as Lowenthal and Company, were real estate brokers, and were also erecting houses under the name of Crown Construction Company. On January 11, 1952, Abrams and his wife entered into a written agreement to purchase a house at 7602 Woodbine Avenue, for the sum of $17,990, and made a total cash deposit of $2,000. Contending that the sale of 2512 North 32nd Street was a condition precedent, and that a provision to that effect had been fraudently omitted from the writing, Abrams and his wife filed a complaint in equity praying that the agreement be cancelled and that Crown and Lowenthal be directed to return the deposit. After taking testimony as Chancellor, Judge REIMEL filed an adjudication granting the prayer of the complaint. The Court en banc dismissed exceptions and entered a final decree "that defendants pay plaintiffs the sum of $2,000 with interest". This appeal followed.

A Chancellor's findings of fact, supported by adequate evidence and confirmed by the Court en banc, are conclusive on appeal: *Wortex Mills v. Textile Workers Union*, 380 Pa. 3, 109 A. 2d 815. And see *Pehlert v. Neff*, 152 Pa. Superior Ct. 84, 31 A. 2d 446; *Stern v. Sanet*, 169 Pa. Superior Ct. 448, 82 A. 2d 511. Briefly summarizing the findings in the case at bar, appellants knew that it was necessary for appellees to

sell 2512 North 32nd Street in order to raise funds to purchase 7602 Woodbine Avenue. Appellants assured appellees that they (appellants) would either sell the North 32nd Street property, or buy it themselves. They further represented that it was unnecessary to insert this provision in the written agreement and dissuaded appellees from seeking legal advice. The Chancellor expressly found that the condition precedent "was fraudulently omitted", and never performed.

Appellants first contend that "the Court erred in finding fraud where there was no proof of fraud". While we agree that fraud must be clearly proved and is never presumed, see *Davis v. Carbon County*, 369 Pa. 322, 85 A. 2d 862, our review of the record in the case at bar indicates that there was ample evidence to support the decision of the lower Court.

It is argued that there was no misstatement of an existing material fact. See *Devers v. Sollenberger*, 25 Pa. Superior Ct. 64. Appellants cite cases holding that statements of intention to do some act in the future do not constitute fraud. Principal reliance is placed on *Schmitt v. Johnston Co.*, 136 Pa. Superior Ct. 213, 7 A. 2d 131. That case involved the purchase of shares of stock. Plaintiff alleged that at the time of execution of the written agreement, defendant orally promised reimbursement in the event plaintiff was discharged. There was no condition precedent to performance by plaintiff of his written agreement. Defendant's oral promise was clearly an undertaking to do something in the future. See also *Blose v. Martens*, 173 Pa. Superior Ct. 122, 95 A. 2d 340. In the case at bar, however, in the words of Judge ALESSANDRONI for the Court en banc, the ". . . actionable misrepresentation was a false statement regarding the necessity of placing the condition in the contract and thereby inducing plaintiffs to rely thereon to their loss".

Appellants argue "that fraudulent representations are not actionable unless the hearer was justified in relying on them in the exercise of common prudence and diligence". See *Emery v. Third National Bank of Pittsburgh*, 314 Pa. 544, 171 A. 881. However, the instant factual situation does not warrant the application of this rule. Nor does the record support the further argument that appellees were responsible for appellants' failure to perform the condition precedent. See *Arlotte v. National Liberty Insurance Co.*, 312 Pa. 442, 167 A. 295. While appellants secured a prospective purchaser (Cecile Cohen) for the North 32nd Street property, this purchaser defaulted because appellants failed to sell her property.

Appellants' second and final contention is that the "court erred in permitting slight parol evidence to vary a written agreement in the absence of proof of fraud". But it is well settled that, in a suit to rescind a contract, the parol evidence rule does not prevent proof of the misrepresentation of a material fact: *LaCourse v. Kiesel*, 366 Pa. 385, 77 A. 2d 877.

Appellants rely principally on *Bessen Bros., Inc. v. Brooks*, 176 Pa. Superior Ct. 430, 107 A. 2d 623. That case involved the failure to strike out a clause already printed in an agreement. In the words of Judge WOOD-SIDE: "Here the defendant was not deceived as to what was in the document. He knew what was in it. By the mere stroke of a pen, at the time he signed the document, he could have crossed out any part to which he had not agreed. Failing to strike out what he knew was in the writing and knew was contrary to the agreement between the parties would involve a greater degree of negligence than not knowing what was in the writing". We held in the *Bessen* case that the evidence "did not meet the required standard to establish fraud". In the case at bar, however, the testi-

mony of appellees and their witnesses, coupled with that of appellant Lowenthal, constituted evidence which was clear and convincing. See *Gerfin v. Colonial Smelting and Refining Co.,* 374 Pa. 66, 97 A. 2d 71. It is significant that appellant Crown, who had full knowledge of the situation, did not testify. It was therefore permissible for the Chancellor to infer that his testimony would have been unfavorable: *Orsuto v. Orsuto,* 171 Pa. Superior Ct. 532, 91 A. 2d 284.

Decree affirmed.