158

Gavetti *v.* Watson et ux., Appellants.

Argued March 23, 1962. Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Elgin E. Weest,* with him *James P. McHugh,* for
appellants.

*Guy G. deFuria,* with him *deFuria, Larkin and de-
Furia,* for appellees.

OPINION BY WRIGHT, J., June 12, 1962:

Martin F. Gavetti and Maboeth E. Gavetti, his wife,
own land on the west side of Heyburn Road in Birming-
ham Township, Delaware County. Arthur Watson, Jr.,

and Catherine Watson, his wife, own land on the east side of Heyburn Road, directly across from the Gavetti property. On July 9, 1959, the Gavettis instituted an action in equity to obtain an injunction and damages on the ground that the construction and maintenance of an artificial lake by the Watsons caused percolation of water into and upon the Gavetti property, and constituted a continuing trespass and nuisance. After taking testimony at two hearings, and visiting the site personally on several occasions, the chancellor filed an adjudication with decree nisi granting relief.[1] Exceptions filed by the Watsons were dismissed on October 25, 1961, and the decree nisi was entered as the final decree. This appeal by the Watsons followed.

The record discloses that the Gavettis acquired their property in 1950. Appellants acquired their property in 1957, at which time there was a shallow pond at the northwest corner thereof. In 1958 appellants enlarged and deepened this pond. The position of the Gavettis is that the portion of their property along Heyburn Road thereafter became wet and swampy with resulting damage to trees, shrubs, and driveway. It is appellants' position that the Gavetti land was always wet and swampy, and that the enlargement of the pond had nothing to do with this condition.

---

[1] "And Now, this 7th day of June, 1961 . . . it is Ordered, Adjudged and Decreed: 1. That the defendants, Arthur Watson, Jr. and Catherine Watson, his wife, be and hereby are enjoined from maintaining the artificial lake on their premises so as to cause water to seep and percolate into and upon the plaintiffs' land, and they are hereby ordered to empty their said lake to such extent, or to take such other measures, as will prevent any seepage and percolation of water into and upon the land of plaintiffs. 2. That the plaintiffs are entitled to damages in the amount of fifteen hundred ($1500.00) dollars in order to repair the damage already caused by defendants, and judgment in said amount is hereby entered in favor of the plaintiffs and against the defendants. 3. That the defendants, Arthur Watson, Jr. and Catherine Watson, his wife, are ordered to pay the costs of these proceedings",

This appeal is concerned with facts rather than law. There are no disputed legal issues. No question is raised concerning the jurisdiction of the lower court or its power to grant relief. See *Chamberlin v. Ciaffoni,* 373 Pa. 430, 96 A. 2d 140; *Rau v. Wilden Acres, Inc.,* 376 Pa. 493, 103 A. 2d 422; *Leiper v. Heywood-Hall Construction Co.,* 381 Pa. 317, 113 A. 2d 148. Each of the four questions stated by appellants' present counsel expressly relates to "a fair preponderance of the evidence". The law is well settled that a chancellor's findings of fact, if based on competent testimony and approved by the court en banc, are conclusive upon appeal: *Sweigart v. Burkholder,* 154 Pa. Superior Ct. 424, 36 A. 2d 181; *Abrams v. Crown,* 178 Pa. Superior Ct. 407, 116 A. 2d 331; *Emerman v. Baldwin,* 186 Pa. Superior Ct. 561, 142 A. 2d 440. It is therefore apparent that the only possible question for our consideration is whether the findings of the chancellor have evidentiary support.

Appellants argue that the chancellor "gave greater consideration" to the testimony of Gavettis' expert witness than he gave to that of appellants' expert witness. The obvious answer is that the weight of the testimony was a matter for the chancellor to determine. Appellants also complain that the chancellor refused to hear certain witnesses on the ground that their testimony was too remote. However, these witnesses were subsequently permitted to testify at the second hearing. Finally, appellants assert that "discretion almost demands" that the chancellor should have submitted the factual issues to a jury. It is sufficient to point out that no such request was made. See Pa. R. C. P. No. 1513.

We deem it unnecessary to burden this opinion with a detailed analysis of the evidence. It is exhaustively reviewed in the adjudication of the chancellor. We have read the record in its entirety, and find that it fully

supports the chancellor's findings. In fact, President Judge SWENEY did more than might have been reasonably expected of him in his endeavor to reach a fair and just decision. We perceive no merit in this appeal.

Decree affirmed.