## Bentivoglio, Appellant, v. Ralston.

Argued December 9, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Joseph V. Restifo*, for appellant.

*Joseph G. Manta*, with him *William B. Freilich, James M. Marsh*, and *LaBrum and Doak*, for appellee.

OPINION PER CURIAM, March 23, 1971:
Judgment affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

On March 16, 1963 appellant was injured in an automobile accident. He was immediately taken to the hospital, where he remained for about a week. Still suffering from the accident, he reentered the hospital in May 1963, and at that time underwent an unrelated operation for a cyst of the epididymus. A jury trial was held in September 1969.

At trial appellant claimed a whiplash-type injury to his neck and lower back and a psychoneurotic impotence resulting from the accident. In an effort to establish causation between the accident and his alleged injuries, appellant called his personal physician and another expert witness. Appellee countered with the testimony of two doctors who had examined appellant on behalf of appellee.

At the conclusion of the testimony, the trial judge charged the jury in connection with the conflicting testimony on the physical facts surrounding the accident. He also reviewed the medical testimony and instructed that it was for the jury to decide if, and to what extent, appellant's injuries were caused by the accident. In addition, at appellee's request, he charged the jury that:

"You may draw an inference from the failure of the plaintiff to call as witnesses Dr. Lin, Dr. Polakoff, Dr. Rouse, Dr. Waldron and Dr. Joyce, Dr. Wolgin and Dr. Coyle, or to satisfactorily explain their absence, that if these doctors had been called to testify their testimony would have been unfavorable to the plaintiff."

Appellant took a specific exception to this portion of the charge.

The jury returned a verdict in favor of appellant of $7,500. Appellant's motion for a new trial as to damages only was denied by court en banc. From denial of that motion this appeal followed.

The court below correctly relied upon *Abrams v. Crown*, 178 Pa. Superior Ct. 407, 116 A. 2d 331 (1955), for the general rule that the failure of a party to call a witness permits the inference by the jury that such witness's testimony would be unfavorable. However, where the evidence or witness "is clearly available to both parties no inference can be drawn against either

party for failure to produce the same." *Davidson v. Davidson,* 191 Pa. Superior Ct. 305, 309, 156 A. 2d 549, 551 (1959). Cf. *Evans v. Philadelphia Transportation Co.,* 418 Pa. 567, 212 A. 2d 440 (1965). Thus the inference is proper only if the witness who is not called has a special knowledge of the facts of the case and is within the control of the party who fails to call him. *Piwoz v. Iannocone,* 406 Pa. 588, 178 A. 2d 707 (1962). This was the situation in *Abrams v. Crown,* supra, where a *party* to the case had full knowledge of the facts but refused to testify.

In the instant case appellee utilized the discovery procedures available under Rules 4004 and 4005 of the Pennsylvania Rules of Civil Procedure. However, nothing in the record indicates that appellee's interrogatories requested the names of the doctors who had treated appellant. One of the purposes of discovery procedures in a case such as this is to allow the opposing party to ascertain what medical treatment was afforded the victim and what doctors treated him. With this knowledge a defendant is unlikely to be surprised by a plaintiff's testimony and thus placed at an unfair disadvantage because the plaintiff has suppressed certain evidence. Here there is no indication that appellant was evasive or devious in failing to reveal the doctors' names to appellee.[1] To the contrary, appellant readily testified on direct examination as to the names of the doctors mentioned in the charge to the jury, and he was cross-examined extensively concerning their findings.

Thus the identity of the doctors would have been available to appellee prior to trial had he used the dis-

---

[1] This case is readily distinguishable from *Nissley v. Pennsylvania Railroad Company,* 435 Pa. 503, 259 A. 2d 451 (1969), where an interrogatory seeking the names of all medical authorities plaintiff had consulted was not fully answered.

124

covery procedures. The names were in fact available to him on the first day of the five day trial, so that he had ample time to subpoena the doctors if he so desired. Clearly, the potential witnesses were as available to appellee as they were to appellant.

Appellant called the physician who treated him from the period before the accident until the trial to testify in his behalf. He also called an expert witness who had examined him specifically for trial purposes. Appellant's testimony indicated that the doctors he did not call were either those who examined him at the hospital immediately after the accident, those who had conclusions similar to those of his personal physician or of the expert witness, or those who had no real diagnosis. Nothing in the record indicates that these doctors had a special knowledge of the facts greater than the witnesses who did testify, or that their testimony would have been other than cumulative.

I believe that charging the jury that they could infer that the testimony of these doctors would be unfavorable to appellant was clearly prejudicial error. Accordingly, I would grant appellant's motion for a new trial as to damages only.

SPAULDING and CERCONE, JJ., join in this dissenting opinion.