Harry A. Cohen and Eva Cohen, His Wife, Appellants, *v.* Redevelopment Authority of the City of Philadelphia, Appellee.

Argued October 5, 1973, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

126

 

*James L. Price,* with him *Steinberg, Greenstein, Richman & Price,* for appellants.

*Francis J. Moran,* with him *James D. Crawford* and *Richard D. Malmed,* for appellee.

OPINION BY JUDGE BLATT, February 14, 1974:

Harry A. and Eva Cohen (appellants) were owners of the premises at 104 N. 6th Street, Philadelphia, Pennsylvania, condemned by the Redevelopment Authority of the City of Philadelphia (Authority) for the Independence Mall Redevelopment project, and Harry A. Cohen operated a business on the property. The Declaration of Taking was filed in the Court of Common Pleas on September 23, 1964 pursuant to the Eminent Domain Code, Act of June 22, 1964, Special Sess., P. L. 84, as amended, 26 P.S. §§1-101 et seq. A Board of View was subsequently appointed and it recommended an award of $36,500, which was appealed to the court below, where a jury awarded a $32,000 verdict for the appellants. The lower court denied the appellant's motion for a new trial and judgment was entered on the verdict.

The appellants raise several questions in support of their contention that a new trial should be granted:

(a) the lower court erred in excluding evidence concerning the value of equipment and fixtures required to be removed;

(b) that the lower court erred in excluding evidence concerning the loss arising from the dislocation of the business;

(c) that the lower court erred in excluding evidence concerning the loss incurred from the now worthless advertising materials which bore the address of the condemned property;

(d) that the judge improperly commented to the jury in his charge that the condemnee did not consider the essential factor of depreciation in his testimony; and

(e) that the counsel for the Authority in his address to the jury commented on the appellants' failure to produce an expert witness and suggested that an inference be drawn from this.

The grant or refusal to grant a new trial is within the discretion of the lower court and will not be reversed on appeal " '. . . absent a clear abuse of discretion or an error of law which controlled the outcome of the case.' " *Mishkin v. Lancaster Redevelopment Authority*, 6 Pa. Commonwealth Ct. 97, 100, 293 A. 2d 135, 136 (1972). This discretion, however, is not absolute and where " '. . . the verdict is against the clear weight of the evidence or (that) the judicial process has effected a serious injustice, he [the trial court] is under a duty to grant a new trial.' " *Lewis v. Urban Redevelopment Authority of Pittsburgh*, 5 Pa. Commonwealth Ct. 176, 179, 289 A. 2d 774, 776 (1972).

Here we must find that the lower court did err in excluding certain evidence which clearly affected the verdict and that, therefore, a serious injustice has been effected. As a result, a new trial must be granted.

Harry A. Cohen, trading under the name of Penn Wholesale Distributor, was engaged in the business of selling fans, pumps and electric motors, on the subject premises. The Authority objected to the introduction of any testimony bearing on the losses incurred by Harry A. Cohen in his business capacity because the business was owned by him alone and, as the owner of the business, he was a tenant on the premises. His indi-

vidual claim, the Authority contended, was thus different from the claim of the owner and could not be raised at the owners' trial. Furthermore, because he did not raise his tenant's claim before the Board of View, the Authority now suggests that the claim is barred by the statute of limitations.

In its attempt to label Harry A. Cohen a "tenant," thereby depicting him as having an entity separate from that of the owners, the Authority is toying with his basic Constitutional right to "just compensation," Pennsylvania Constitution, Article I, §10 and Article X, §4, and the legislative implementation thereof in Section 601 et seq. of the Eminent Domain Code, 26 P.S. §§1-601 et seq. Even if it might be argued that a separate claim, if not a separate claimant, did exist, the Authority was fully aware of the existence of Harry A. Cohen's business and it would not have been prejudiced by the assertion of claims for compensable losses relating to the business at the trial level.[1] Moreover, if we look beyond mere labels, it is clear that the separate entity theory of the Authority cannot be sustained in any event, for Harry A. Cohen and Eva Cohen own the subject property as tenants by the entireties. As such, however, each becomes seized and possessed of the *entire estate*. *Gasner v. Pierce*, 286 Pa. 529, 134 A. 494 (1926). This ownership would be inconsistent with a contemporaneous tenancy on the part of either owner, because there is no subordination to a higher title nor

---

[1] The record revealed an attempted settlement by the Authority for machinery and equipment (R. 4a). It was disputed whether the Board of View heard evidence in regard to the business claims but their award was said to cover all damages under the Code. No new expert witnesses were called at the trial level to the prejudice of the authority, for only Harry A. Cohen testified before both the Board and the jury. *See Faith United Presbyterian Church v. Redevelopment Authority*, 7 Pa. Commonwealth Ct. 490, 298 A. 2d 614 (1972).

any incident of a landlord-tenant relationship. *Wilson Estate,* 349 Pa. 646, 37 A. 2d 709 (1944).[2]

The appellants should have been permitted at the trial to introduce testimony relating to all compensable damages, including equipment and fixtures required to be removed, pursuant to Section 608, 26 P.S. §1-608, and business dislocation damages, pursuant to Section 609, 26 P.S. §1-609. As condemnees, they should have been given at least the opportunity to attempt to satisfy their burden of proving these losses.

As to their attempt to establish damages for their now useless advertising materials, however, the appellants have no authority to assert such a claim. This claim is one for special consequential damages, as it is not an element of just compensation as such is now construed by the courts; nor has the Legislature, in its efforts to enlarge the rights of condemnees, recognized it as a compensable loss. *See Apple Storage Co. v. School District of Philadelphia,* 4 Pa. Commonwealth Ct. 55, 284 A. 2d 812 (1971). The lower court was correct, therefore, in excluding this testimony because it appeared to be introduced for the purpose of establishing the *value* of a specialized element of damage, rather than for the limited purpose of either showing the type of business conducted on the premises or the general losses incurred because of the condemnation. *Brown v. Commonwealth,* 399 Pa. 156, 159 A. 2d 881 (1960); *Whitenight v. Department of Highways,* 1 Pa. Commonwealth Ct. 144, 273 A. 2d 752 (1971).

Without considering at length the roles of the trial judge and attorneys in an Eminent Domain proceeding,

---

[2] This is unlike the situation in *Lasher v. Allegheny County Redevelopment Authority,* 211 Pa. Superior Ct. 408, 236 A. 2d 831 (1967). There, two actual separate entities existed. The grantor, who remained in possession after the conveyance with the consent of the new owner, was deemed a tenant and was able to collect minimum compensation.

we will briefly comment on the final objections of the appellants. The appellants complain that, in his address to the jury, the trial judge prejudicially referred to their testimony concerning reproduction costs in his statement that: "He could not, however, bring into play the problem of depreciation, which I have explained to you, as an essential element of one of three ways of evaluating or determining the fair market value of property." Looking at the charge as a whole, however, as we are bound to do, *DeMichiei v. Holfelder,* 410 Pa. 483, 189 A. 2d 882 (1963), we must find that the trial judge was fair in his review of the testimony and helpful in pointing out the methods of evaluation. The contested comment did not question the propriety of Mr. Cohen's testifying and did not put his testimony in an unfair light, but merely explained how his testimony regarding reproduction costs would fit into the valuation scheme.

The comments of the Authority counsel, however, are more suspect. Counsel for the Authority directed the jury's attention to the fact that the appellants-condemnees had not produced any expert witness and stated, "You can draw an inference from this. Why didn't he produce an expert witness?" The law is clear that: "The condemnee or an officer of a corporate condemnee, without further qualification, may testify as to just compensation." Section 704 of the Eminent Domain Code, 26 P.S. §1-704. The condemnee, therefore, may testify on the same basis as a qualified expert in regard to valuation and the elements considered in arriving at his figure. *Hoffman v. Commonwealth,* 422 Pa. 144, 221 A. 2d 826 (1966). Although attorneys are granted great latitude in their presentations to the jury, care must always be taken to avoid the depiction of the condemnee as one who is unqualified to testify. Such care was not taken here.

Whether or not the admission of this comment would in itself have justified a finding of reversible error, we will not here rule, because we are satisfied that the improper exclusions of critical testimony as previously noted would justify a remand in this case.

We, therefore, issue the following

### ORDER

Now, February 14, 1974, the order of the Court of Common Pleas of Philadelphia County is reversed, and the record in this case is remanded to that court for further proceedings consistent with this opinion.