Redevelopment Authority of the City of Philadelphia, Appellant *v.* Harry A. Cohen, Appellee.

Argued June 6, 1977, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Francis J. Moran,* with him *Peter A. Galante,* for appellant.

*Lewis Kates,* with him *Joseph R. Livesey,* and *Kates & Livesey,* for appellee.

OPINION BY JUDGE ROGERS, July 20, 1977:

The Redevelopment Authority of the City of Philadelphia has appealed a judgment entered against it on a jury verdict in the Court of Common Pleas of Philadelphia County. The judgment was in favor of Harry A. Cohen and represents compensation for his real estate appropriated and condemned by the Authority. We affirm the judgment.

The Authority took Cohen's property at 108 North 6th Street, Philadelphia, pursuant to the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-101 et seq. A Board of View was appointed and a hearing conducted. Appellee's valuation expert was one Harry L. Haeberle who testified that the fair market value of the property on the date of condemnation was $22,500. The Authority's expert, one Samuel Beck, testified to a value of $9,200. The Board of View awarded Cohen $13,600. He appealed the award to the Court of Common Pleas of Philadelphia County.

At the trial which ensued the appellee's only valuation witness was himself. He gave as his opinion that the property's value was $29,000. He did not produce Mr. Haeberle and testified that he did not call Mr. Haeberle because he could not afford to pay him for testifying at the trial. The Redevelopment Authority called two experts; one Cox, whose value was $10,000 but whose testimony was stricken by the trial judge and one Beck, who thought the property was worth $9,200. The Authority also called Mr. Haeberle under circumstances and with the consequences hereinafter described. The jury's verdict in favor of Cohen was in the amount of $21,500. The Authority has appealed.

Our scope of review in this class of case was defined in *Cohen v. Redevelopment Authority of the City of Philadelphia,* 12 Pa. Commonwealth Ct. 125, 127, 315 A.2d 372, 373 (1974), as follows:

> The grant or refusal to grant a new trial is within the discretion of the lower court and will not be reversed on appeal ' ". . . absent a clear abuse of discretion or an error of law which controlled the outcome of the case." ' Mishkin v. Lancaster Redevelopment Authority, 6 Pa. Commonwealth Ct. 97, 100, 293 A.2d 135, 136 (1972). This discretion, however, is not absolute and where ' ". . . the verdict is against the clear weight of the evidence or (that) the judicial process has effected a serious injustice, he [the trial court] is under a duty to grant a new trial." ' Lewis v. Urban Redevelopment Authority of Pittsburgh, 5 Pa. Commonwealth Ct. 176, 179, 289 A.2d 774, 776 (1972).

*See also Faith United Presbyterian Church v. Redevelopment Authority,* 7 Pa. Commonwealth Ct. 490, 298 A.2d 614 (1972); *Felix et ux. v. Baldwin-Whitehall School District,* 5 Pa. Commonwealth Ct. 183, 289 A.2d 788 (1972).

The Authority says that the trial judge committed six errors, each of which compels reversal of the judgment. Our review convinces us that the asserted errors are either nonexistent or harmless.

The Authority's first complaint emanates from its decision to call as a witness Mr. Haeberle, who it will be remembered had testified for Cohen at the Board of View hearing.

The circumstances of the Authority's calling Mr. Haeberle were as follows: when the Authority's counsel discovered that Mr. Haeberle was not to be a witness for the condemnee, he had Mr. Haeberle subpoenaed. At sidebar, the Authority's counsel told the judge that he would call Mr. Haeberle for the purpose of impeaching Cohen's $29,000 valuation by showing that Mr. Haeberle, Cohen's expert, had valued the property at about $22,000. He further told the judge that he thought he had the right, and intended, to call Mr. Haeberle as on cross-examination either because Mr. Haeberle was an adverse witness or because he, counsel, had been "surprised" by Cohen's failure to produce Mr. Haeberle. The trial judge told counsel for the Authority that he could not call Mr. Haeberle as on cross-examination and that if Mr. Haeberle was called by the Authority, he would be its witness. The Authority's counsel then called Mr. Haeberle to the stand and elicited Mr. Haeberle's testimony that he had testified for Cohen at the Board of View that the property was worth about $22,000 and that he would have testified for Cohen at the court trial if asked to do so. When Cohen's counsel got Mr. Haeberle on cross-examination he asked Mr. Haeberle to give his opinion of the fair market value of the property, and Mr. Haeberle testified that in his opinion the property had a fair market value of $22,500. The Authority's counsel did not object to this cross-examination and, indeed, on redirect questioned Mr. Haeberle in detail

concerning the methods used in arriving at his opinion of the property's fair market value.

The Authority now says that although Cohen did not call him at the court trial, Mr. Haeberle remained his, Cohen's witness; that it, the Authority, produced Haeberle only to impeach Cohen; and that the judge erred in instructing the jury that it could consider Mr. Haeberle's opinion as substantive valuation evidence. These contentions are without merit. First, the court trial was de novo and Cohen was under no compulsion to call Mr. Haeberle, or any other expert witness; and as the condemnee, Cohen was himself fully competent to testify as to the value of his condemned property. Section 703 of the Code, 26 P.S. §1-703; *Cohen v. Redevelopment Authority of the City of Philadelphia, supra.* Second, Mr. Haeberle had no interest in the litigation which would justify his being called by the Authority as on cross-examination. Section 7, Act of May 23, 1887, P.L. 158, *as amended,* 28 P.S. §381; and the Authority's counsel's "surprise" at Cohen's failure to produce Mr. Haeberle was not the surprise which justifies cross-examination of one's own witness turned hostile. Hence, Mr. Haeberle was the Authority's witness. While the record might support the conclusion that Mr. Haeberle had been called by the Authority for the limited purpose of impeaching Cohen's valuation testimony, Cohen's counsel on cross-examination adduced Mr. Haeberle's opinion of the value of the property independently of his relationship with Cohen. This was acccomplished without objection from the Authority's counsel that the cross-examination was exceeding the scope of direct examination. Finally, as we have noted, on redirect examination the Authority's counsel examined Mr. Haeberle on his basis for the valuation opinion he had expressed on cross-examination. In these circumstances, it was clearly not error on the part of the

trial judge to submit Mr. Haeberle's opinion of the value of the property for the jury's consideration. At the conclusion of the taking of evidence, Mr. Haeberle's opinion of value was a part of the evidence.

The appellant next says that the trial judge erred when he struck the testimony of its expert valuation witness, Cox. On cross-examination by appellee's counsel, Cox testified that in arriving at his opinion of value he considered the depreciating effect of the imminence of condemnation and that his valuation might have been higher if condemnation had not been imminent. Section 604 of the Code, 26 P.S. §1-604, provides that:

> Any change in the fair market value prior to the date of condemnation which the condemnor or condemnee establishes was substantially due to the general knowledge of the imminence of condemnation, other than that due to physical deterioration of the property within the reasonable control of the condemnee, shall be disregarded in determining fair market value.

Cox's valuation testimony was properly stricken by the lower court. *See also Kehr Condemnation,* 52 Pa. D. & C. 2d 786 (1971).

The appellant also contends that the trial judge committed error by refusing its counsel's request to argue in closing that the jury might draw inferences adverse to Cohen from the facts that Mr. Haeberle had testified for Cohen to a $22,500 valuation in the Board of View proceedings and was not called by Cohen at the court trial. The argument is based on a misconception of the law concerning adverse inferences. Simply stated, the rule of law is that:

> Generally, if a litigant fails to call a witness who presumably would support his allegations, the opposing party is entitled to have the jury instructed that it may infer that the witness, if

called, would testify adversely to the party who failed to call him. Haas v. Kasnot, 371 Pa. 580, 92 A.2d 171 (1952) ; Moseley v. Reading Co., 295 Pa. 342, 145 A. 293 (1929) ; Abrams v. Crown, 178 Pa. Superior Ct. 407, 116 A.2d 331 (1955). But this rule is inapplicable if such witness is equally available to both sides of the litigation. Haas v. Kasnot, 377 Pa. 440, 105 A.2d 74 (1954) ; see also Davidson v. Davidson, 191 Pa. Superior Ct. 305, 156 A.2d 549 (1959). In other words, the inference is permitted only where the uncalled witness is peculiarly within the reach and knowledge of only one of the parties. Cf. 2 Wigmore, Evidence, §288 (3d ed. 1940).

*Bentivoglio v. Ralston,* 447 Pa. 24, 29, 288 A.2d 745, 748 (1972) ; *see also Klick v. Department of Transportation,* 20 Pa. Commonwealth Ct. 627, 342 A.2d 794 (1975) ; and *Lutsko v. Department of Transportation,* 13 Pa. Commonwealth Ct. 150, 318 A.2d 361 (1974). Of course, Mr. Haeberle was as available to the Authority as he was to Cohen. Further, when the Authority called Mr. Haeberle and had him testify to the value he gave at the Board of View in Cohen's behalf, there was no occasion for inferences. The fact that Mr. Haeberle had once been employed by Cohen, that he valued the property for less than Cohen and that Cohen had not produced him were all before the jury for its consideration. Its verdict indicates that it gave greater credit to Mr. Haeberle's figure than to Cohen's. If there was error in this matter, it was harmless.

The Authority also says that the trial judge erred in overruling its objection to the appellee's valuation testimony based on reproduction cost. Section 705(2) of the Code, 26 P.S. §1-705, authorizes three methods of determining fair market value: by comparable market value; by reproduction cost analysis; and by capitalization of income. Cohen's testimony and ex-

hibits demonstrated that, in arriving at his $29,000 valuation, he used the comparable market value approach to value his land at $14,000 and the reproduction cost approach to value his building at $15,000. The Authority's counsel objected to the building valuation on the ground that Cohen had failed to take into account depreciation of the building. In overruling the Authority's objection the trial judge said that the appellee was not required to take depreciation into account. While this was an inaccurate statement of the law (Section 705(2)(iv) of the Code, 26 P.S. §1-705(2) (iv); *Faith United Presbyterian Church, supra*), the trial judge committed no reversible error because, as the transcript shows, the appellee did in fact apply depreciation in his calculation. He so testified on both direct and cross-examination.

The Authority finally says that it was error for the trial judge to instruct the jury that its verdict should be in an amount not less than the lowest valuation figure of $9,200 given by Beck or more than the highest valuation figure of $29,000 given by appellee; but that the verdict should fall somewhere between those figures. We agree that these instructions improperly usurped the jury's function. It is the province of the jury to weigh the credibility of the valuation witnesses' testimony and to determine the fair value of the land at time of condemnation. *Lewis v. Urban Redevelopment Authority of Pittsburgh,* 5 Pa. Commonwealth Ct. 176, 289 A.2d 774 (1972). A jury may indeed disregard all valuation opinions given by the condemnee or experts for either side. *Commonwealth v. Herold,* 17 Pa. Commonwealth Ct. 148, 330 A.2d 890 (1975). However, error which produces no injustice does not compel the grant of a new trial. In *Gallo v. Redevelopment Authority of the City of Sharon,* 19 Pa. Commonwealth Ct. 71, 339 A.2d 165 (1975), the trial judge erroneously struck the con-

demnee's testimony that his property was worth $32,-000. The condemnee's expert witness had testified to a value of $29,000. The jury rendered a verdict for $18,500. The condemnee filed a motion for a new trial which was denied by the lower court. We affirmed, concluding that the error was harmless because the jury's verdict of $18,500 persuasively indicated that the striking of the condemnee's value of $32,000 did not result in an unjust verdict. So here, the verdict of $21,500 indicates that no unjust result derived from the court's instruction that the verdict should not be less than $9,200.

Accordingly, we enter the following

ORDER

AND Now, this 20th day of July, 1977, the judgment entered below on August 9, 1976 is affirmed.