In Re: Condemnation of the Commonwealth of Pennsylvania, Department of Transportation etc. Foster Adam & Frank Edward Camp v. Commonwealth of Pennsylvania, Department of Transportation.

Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Argued February 8, 1980, before Judges WILKINSON, JR., MENCER and CRAIG, sitting as a panel of three.

*Charles A. Buechel, Jr.,* Assistant Attorney General, with him *Robert W. Cunliffe,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for appellant.

*George J. Nagle,* for appellees.

OPINION BY JUDGE CRAIG, March 17, 1980:

The Pennsylvania Department of Transportation (condemnor) appeals from the order of the Court of Common Pleas of Northumberland County denying its motion for a new trial in connection with the condemnation of property in Mt. Carmel Township owned by appellees Foster Adam Camp and Frank Edward Camp.

Condemnor alleges that the lower court erred in refusing to strike the testimony of condemnee Frank Camp as to reproduction cost valuation, because that testimony did not consider depreciation of the property, and also that the lower court erred in refusing condemnor's request for a jury view of the subject property.

We agree that the court below erred in not striking condemnee's reproduction cost testimony.

Section 704 of the Eminent Domain Code (Code), Act of June 22, 1964, Special Session, P.L. 84, *as amended,* 26 P.S. §1-704, plainly entitles a condemnee to testify regarding just compensation; however, that testimony must be "on the same basis as a qualified expert in regard to valuation and the elements considered in arriving at his figure. Hoffman v. Commonwealth, 422 Pa. 144, 221 A.2d 826 (1966)." *Cohen v. Redevelopment Authority of Philadelphia,* 12 Pa. Commonwealth Ct. 125, 130, 315 A.2d 372, 375 (1974).

In circumstances similar to this case, where a condemnor objected to a condemnee's reproduction valuation because it did not account for depreciation, this court said:

> In overruling the Authority's objection the trial judge said that the appellee was not required to take depreciation into account. While this was an inaccurate statement of the law (Section 705(2)(iv) of the Code, 26 P.S. §1-705(2)(iv); Faith United Presbyterian Church, supra [7 Pa. Commonwealth Ct. 490, 298 A.2d 614 (1972)]), the trial judge committed no reversible error because, as the transcript shows, the appellee did in fact apply depreciation in his calculation. He so testified on both direct and cross-examination.

*Redevelopment Authority of the City of Philadelphia v. Cohen,* 31 Pa. Commonwealth Ct. 173, 181, 375 A.2d 881, 885 (1977).

The distinguishing element of the case before us, however, is that the condemnee in fact did not employ any depreciation in arriving at his valuation; indeed, the condemnee here, on cross-examination by condemnor, admitted that he had not adjusted for any depreciation in arriving at his reproduction valuation as to the building ($80,000, with $40,000 for land and an undepreciated $30,000 for equipment).

When we note that condemnee testified to a reproduction cost, undepreciated, of $150,000, and the jury's verdict was $102,500, approximately halfway between the reproduction cost and the condemnor's expert's appraisal of $58,700, we can neither assert nor rule out the possibility that the jury was misled. Certainly, we cannot be assured of the correctness of the lower court's view that "[a]t most, any possible error was extremely harmless, particularly in light of the fact that the *Jury's Verdict was $47,500* less than Mr. Camp's *valuation*!" (Emphasis by the lower court.)

Therefore, the lower court's refusal to strike the testimony was error, warranting reversal for a new trial.

With regard to condemnor's other alleged error, we must note that Section 703(1) of the Code, 26 P.S. §1-703(1), plainly states:

At the trial in court on appeal:

(1) Either party may, as a matter of right, have the jury, or the judge in a trial without a jury, view the property involved, notwithstanding that structures have been demolished or the site altered, and the view shall be evidentiary. If the trial is with a jury, the trial judge shall accompany the jury on the view.[1]

---

[1] Because the statutory mandate, in the last-quoted sentence of Section 703(1), that the judge accompany the jury, is not at issue here, the constitutional point in *Creasy v. Commonwealth*, 39 Pa. D. & C. 2d 12 (Ally. Co. 1965) is not involved.

Thus, a view is a right of *either* party, "notwithstanding that structures have been demolished or the site altered." Because of the unconditional terms of the statute, we cannot follow our brief remark in *Redevelopment Authority of Erie v. Pulakos,* 17 Pa. Commonwealth Ct. 251, 330 A.2d 869 (1975), where, without citing the statute, we noted that a view, if sought by the condemnor, is not required where the condemnor has demolished the building. The thrust of the statute appears to be that a view may still have utility in permitting the jury to see the surrounding context of the property.

Accordingly, we will reverse the lower court's order denying condemnor's motion for a new trial, and remand the case for further consistent action.

### Order

And Now, this 17th day of March, 1980, the December 20, 1978 order of the Court of Common Pleas of Northumberland County, denying the condemnor's motion for a new trial, is reversed, and the case is remanded for further proceedings consistent with this opinion.

President Judge Bowman did not participate in the decision in this case.