## Panther Valley Dress Company, Inc. v. Commonwealth

*William G. Schwab*, for plaintiff.
*Reginald H. Holder*, for defendant.

LAVELLE, *P.J.*, November 12, 1980—This case raises the issue whether damage to personal property is a compensable loss under section 612 of the Eminent Domain Code.

Plaintiff filed a petition for the appointment of a board of view averring that on or about August 3, 1977 employes of the Commonwealth of Pennsylvania, Department of Transportation, performed grading work on a part of Legislative Route 13006 which abuts plaintiff's land; that as a result of this grading, water from heavy rains ran off the road onto the driveway of plaintiff's property and into a garage in which plaintiff stored sewing machines, motors, shoulder straps and lace; and that all of these items sustained water damage for which plaintiff seeks just compensation. On the basis of these averments, we appointed a board of view.

The Commonwealth interposed preliminary objections in the nature of a demurrer to the petition claiming:

1. Plaintiff has failed to state a cause of action in eminent domain against defendant.

2. Plaintiff has not sustained damages which are recoverable as consequential damages under section 612 of the Eminent Domain Code of June 22, 1964, P.L. (Sp. Sess.) 84, 26 P.S. §1-612.

Our analysis of the petition and the applicable law convinces us that the demurrer must be sustained on both grounds.

## DISCUSSION

Initially we note that a petition for appointment of a board of view may be challenged by preliminary objections in the nature of a demurrer: In Re Ramsey, 20 Pa. Commonwealth Ct. 207, 210, 342 A. 2d 124, 126 (1975).

A demurrer, of course, lies only where it clearly appears that the pleader has not pleaded the facts necessary to sustain a cause of action upon which relief can be granted: Gekas v. Shapp, 469 Pa. 1, 364 A. 2d 691 (1976).

Plaintiff asserts in paragraph 9 of its petition that the instant action is being brought under section 612 of the Eminent Domain Code which provides as follows: "All condemnors, including the Commonwealth of Pennsylvania, shall be liable for damages to property abutting the area of an improvement resulting from change of grade of a road or highway, permanent interference with access thereto, or injury to surface support, whether or not any property is taken." From this language of the code, plaintiff argues that no allegation of any actual taking of real property is required to permit plaintiff to proceed in an eminent domain action for consequential damages. We disagree.

In discussing section 612 of the Eminent Domain Code, the Commonwealth Court stated in Lutzko v. Mikris, Inc., 48 Pa. Commonwealth Ct. 75, 78, 410 A. 2d 370, 372 (1979): "This provision [section 612 of Eminent Domain Code] only applies, however, where the acts were done in the exercise of the right of eminent domain and where the damages resulted from the immediate, necessary, or unavoidable consequences of the eminent domain action."

Lutzko, supra, teaches us that even a claim for consequential damages must arise from a formal or

de facto taking by the Commonwealth. Nowhere in its petition does plaintiff allege that the actions of the Commonwealth were the result of a lawful exercise of its eminent domain power. More specifically, plaintiff fails to allege that any formal condemnation or de facto taking by the Commonwealth has resulted in the consequential damages of which plaintiff complains.*

Indeed, plaintiff's petition only states that the damages to plaintiff's property resulted from road grading work by the Pennsylvania Department of Transportation along plaintiff's property. This naked assertion suggests no more than negligent acts by agents of the Commonwealth. It is well established that a de facto taking cannot result from negligent acts committed by agents of a body charged with the power of eminent domain: In re Condemnation of 2719, 2721 and 2711 East Berkshire Street, 20 Pa. Commonwealth Ct. 601, 343 A. 2d 67 (1975).

Because plaintiff's petition does not allege that the damages to plaintiff's property were the immediate, necessary or unavoidable consequence of a lawful exercise of eminent domain by the Commonwealth, plaintiff's petition is fatally defective:

---

*Under section 612 of the Eminent Domain Code there need be no actual taking of the property allegedly damaged. However, the damage must naturally and unavoidably flow from a lawful eminent domain action, i.e., a formal or de facto taking. Clearly, section 612 was enacted to remedy the situation where a party could not recover for consequential damages to property unless that particular property was actually taken. See Soldiers and Sailors Memorial Bridge, 308 Pa. 487, 162 Atl. 309 (1932). The requirement that consequential damage be sustained in the course of an eminent domain action remains: Lutzko, supra.

In re Condemnation of 2719, 2721 and 2711 East Berkshire Street, supra.

Furthermore, even if plaintiff's damages did arise as a result of the Commonwealth's lawful exercise of its eminent domain power, it is our opinion that damage to personal property is not compensable under the Eminent Domain Code. Plaintiff argues that such damage is compensable under section 612 and cites Cohen v. Phila. Redevelopment Authority, 12 Pa. Commonwealth Ct. 125, 315 A. 2d 372 (1974), in which the Commonwealth Court opined that damages to preaddressed advertising materials rendered useless by a formal condemnation were not an element of just compensation but could be claimed as "special consequential damages."

Plaintiff's reliance on Cohen, supra, is mistaken. Cohen did not involve a section 612 claim and the Commonwealth Court's language relative to making a claim for damaged personal property obviously was not used in its section 612 sense. In Cohen, the Commonwealth Court agreed with the lower court's exclusion of the value of the advertising material as evidence because "the Legislature, in its efforts to enlarge the rights of condemnees, [has not] recognized it as a compensable loss." 12 Pa. Commonwealth Ct. at 129, 315 A. 2d at 374.

In our view, the limited scope of section 612 of the Eminent Domain Code covers neither the property which was damaged in Cohen nor the sewing machines, motors, shoulder straps and lace damaged in the instant case. Section 612 makes the Commonwealth responsible only for consequential injuries to real property. In accord: Belusko v. Com., 56 Luz. 259 (1966).

Our holding is supported by the language used in the code.

First, "personal property" is a term specifically defined in section 201 of the Eminent Domain Code, 26 P.S. § 1-201. Thus, if the legislature intended that property of the type damaged in the instant case should be included as consequential damages in section 612, it would have specifically used the term "personal property" and not just the bare term "property."

Secondly, section 612 speaks of "damages to property abutting the area of an improvement. . . ." The use of the phrase "property abutting" strongly connotes a reference to real property.

Finally, "property" is a term freely used throughout the Eminent Domain Code and, as used therein, refers only to real estate.

Accordingly, we enter the following

### ORDER

And now, November 12, 1980, it is hereby ordered and decreed as follows:

1. Defendant's preliminary objections in the form of a demurrer are sustained.

2. The order of May 7, 1979 for the appointment of a board of view is vacated.

3. Plaintiff's petition for appointment of a board of view is dismissed.